Oliveira *vs*. The State of Georgia.

---

WILLIAM D. OLIVEIRA, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

In an indictment against a magistrate for willfully and knowingly demanding more costs than he was entitled to by law, it is not sufficient as in ordinary cases to set forth the offense in the language of the Code. The indictment must, as the section creating the crime provides, "specially set forth the merits of the complaint," and is defective unless it specify the items of costs actually due as well as the amount demanded or received.

Criminal law. Indictment for malpractice. Arrest of judgment. New trial. Before Judge SCHLEY. Chatham Superior Court. May Term, 1871.

The plaintiff in error was put upon trial on the following indictment:

" GEORGIA—CHATHAM COUNTY:

The grand jurors, chosen, selected and sworn for the county of Chatham, to-wit: ........ ............, in the name and behalf of the citizens of Georgia, charge and accuse William D. Oliveira, a Notary Public and *ex officio* Justice of the Peace of the county and State aforesaid, with the offense of malpractice in office. · For that the said William D. Oliveira, in the county of Chatham and State of Georgia aforesaid, on the 16th day of May, 1870, while exercising the

functions, and in the administration and under color of his said office of Notary Public and *ex officio* Justice of the Peace, did then and there willfully and knowingly demand of and from one James Jenkinson the sum of $9.48 in the paper currency of the United States, as costs in a certain cause, wherein a possessory warrant for the recovery of a New-foundland dog had been sued out against the said James Jenkinson by one Frank Lyons, and which had been heard and judgment rendered by him, the said William D. Oliveira, as Notary Public and *ex officio* Justice of the Peace, and which said sum of $9.48 was more costs than he was entitled to by law for the said services rendered by him in said cause, contrary to the laws of said State, the good order, peace and dignity thereof."

The jury returned a verdict of guilty. Whereupon, plaintiff in error moved in arrest of judgment upon the following grounds:

1st. Because there is no allegation in the indictment of what portion of the costs alleged to have been demanded by the defendant was illegal, or other and greater than the amount he was entitled to by law.

2d. Because the indictment fails to state whether defendant was entitled to any costs or not, and, if any, how much?

The motion in arrest of judgment was overruled and plaintiff in error excepted. A motion for a new trial was also made, which it is not necessary here to set forth.

P. W. MELDRIM, for plaintiff in error. On the sufficiency of the indictment, cited Code, sections 4535, 4432; 13 Georgia Reports, 396; Wharton's Am. Crim. Law, 2511, *et seq.*; 1 Carnes, 133; Bishop's Crim. Prac., sections 321, 322, 325.

A. B. SMITH, Solicitor General, by brief, for the State. Indictment sufficient: Gould's Pleading, 460; Code, section 3529 to 3532; section 4535; 25 Georgia Reports, 689; 36 *Ibid.*, 449. Exceptions to form must be made before trial:

Oliveira *vs.* The State of Georgia.

Code, section 4536 ; Bishop's Crim. Prac., 1st vol., 853 ; 25 Georgia Reports, 689; 36 *Ibid.*, 449 ; 37 *Ibid.*, 51–80. An indictment in Indiana is good against constable, wherein the sum extorted is not stated : 5 Blackf., 460.

McCay, Judge.

The whole of this provision for the prosecution of public officers for malpractice, indicates the intention of the Legislature that the proceedings shall be guarded with more than ordinary strictness.   The accused is entitled to notice of the charge, and to a copy of the bill of indictment, before the bill is found.   He has, too, a right to go before the grand jury, to cross-examine the witnesses, and perhaps to bring forward matters in explanation and defense.   The Act further provides that the indictment shall "specially set forth the merits of the complaint."   This is far stronger language than is used in other indictments : Code, section 4432.   Section 4535 provides, as a general rule, that it shall be sufficient to set forth the offense in the language of the Code.   Something more must therefore be meant by the special provision of this section—4432.   We think that these words mean that there must be set forth in the indictment a detailed statement of the facts upon which the charge is predicated.

This indictment does not do this.   It charges him with having taken a certain amount for his costs in a particular case, and that such sum was more than the legal costs.   But it fails to state what the legal costs were, and how much he took more than the legal costs.   It might just as well have charged that he took more costs than the law permitted, and said nothing as to any amount.   This is not a "specific" statement of the merits of the complaint.   Properly it ought to be stated what service was done, and the costs for each item, as fixed by law, and then alleged he took more and how much more.   As it is, the accused only is informed that he took too much, leaving him to grope in the dark as to what

items were overcharged and what he must prepare himself to meet.

Whilst we would be slow to put the least hindrance in the way of bringing to speedy punishment a corrupt officer, we must also remember that the law shows great tenderness to their errors as judges, and holds those who charge them with malpractice to more than ordinary strictness.

Judgment reversed.