## 28312. MOORE v. THE STATE.

Decided October 23, 1940. Rehearing denied December 20, 1940.

*W. E. Armistead, Edwin S. Kemp, H. A. Allen,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

BROYLES, C. J. The accused was indicted under Code, § 89-9907, for malpractice in office. Upon the call of the case for trial he presented a timely plea in abatement and a motion to quash the indictment. Ground 3 of the plea and motion reads as follows: "The indictment should be abated and quashed for the further reason that it is one of those indictments wherein the law requires that before it can be returned at all it must be served upon the defendant, a copy of it to be served upon the defendant, and he given the opportunity to appear before the grand jury and testify himself, and to bring his witnesses, and cross-examine the witnesses who are there against him; and this indictment shows on its face that there was no such opportunity given to this defendant, for the reason that the notice itself is in the following language: 'The within and foregoing indictment is to be laid before the grand jury of Clayton County at the November term, 1939, on Tuesday, Novem-

ber 28, 1939, at nine o'clock a. m., for their consideration and action thereon. Take due notice and govern yourself accordingly. This November 27, 1939. Roy Leathers, Solicitor-General.' The following entry is on that indictment: 'I have this day served the defendant H. Grady Moore with a copy of the foregoing indictment together with the notice thereon, by leaving a copy of the same with the defendant.' [The entry of service is not signed by any one]. This indictment was served on the defendant on the 27th day of November, 1939. The defendant was at that time physically unable to attend court and was on the following day physically unable to attend court. Nevertheless, the indictment was laid before the grand jury on the following day and was returned without the defendant ever having had an opportunity to appear before the grand jury as provided by law." A general demurrer to the foregoing ground of the plea in abatement was sustained. General and special demurrers to the other grounds were sustained and the plea was overruled. To that judgment the defendant excepted. The defendant also excepted to the judgment overruling his general and some special demurrers to the indictment.

The Code section (89-9907) under which the defendant was indicted is followed by section 89-9908 which reads as follows: "An indictment under the preceding section shall specially set forth the merits of the complaint, and a copy thereof shall be served on the defendant before it is laid before the grand jury. The prosecutor *and the defendant, and their witnesses, shall have the right of appearing before and being heard by the grand jury. . .* " (Italics ours.) In *Oliveira* v. *State,* 45 *Ga.* 555, 557, the Supreme Court said: "The whole of this provision for the prosecution of public officers for malpractice indicates the intention of the legislature that the proceedings shall be guarded with more than ordinary strictness. The accused is entitled to notice of the charge, and to a copy of the bill of indictment, before the bill is found. He has, too, a right to go before the grand jury, to cross-examine the witnesses, and perhaps to bring forward matters in explanation and defense." The foregoing ruling in that case was quoted approvingly by this court in *Morris* v. *State,* 59 *Ga. App.* 804 (2 S. E. 2d, 240). The statement in Code, § 89-9908, that the defendant and his witnesses "shall have the right of appearing before

and being heard by the grand jury," obviously means that the accused must be given a reasonable opportunity, a reasonable time, to get his witnesses and to appear with them before the grand jury. The section (89-9908) should be given a construction that will make it effective, rather than one which would defeat the intent of the legislature. Under the statements of fact and the allegations of the plea in abatement, was the accused given such an opportunity? We think that this question, if the allegations of the plea had been supported by evidence, should have been submitted to the jury, and that the dismissal of the plea on general demurrer was error. In our opinion, the sustaining of the demurrer to the other grounds of the plea and motion to quash was not error. The error pointed out rendered the further proceedings in the case nugatory.

*Judgment reversed. Gardner, J., concurs. MacIntyre, J., dissents.*

MacINTYRE, J. dissenting. I think the case should be affirmed. The Code, § 89-9908, provides that a copy of the indictment for malpractice "shall be served on the defendant before it is laid before the grand jury. The prosecutor and the defendant, and their witnesses, shall have the right of appearing before and being heard by the grand jury. The indictment, if found true by the grand jury, shall, as in other cases, be tried by a petit jury." The service required by this section was made. The ground of the plea in abatement on which the majority opinion is based merely alleged that the defendant was physically unable, on account of such physical condition, to appear before the grand jury both on the day that he received notice of the hearing to be held before the grand jury and on the next day when the indictment was found. It does not set forth affirmatively that the defendant was unable to give the grand jury notice of his condition, nor does it show that he had a meritorious showing which, if it had been made before the grand jury, would probably have eventuated in a finding different from the one made. I therefore think the demurrer to the plea in abatement was properly sustained. Even before the act of 1895 (Ga. L. 1895, p. 45), now Code, § 110-404, the court recognized and enforced a well-settled rule that it would never disturb a verdict, judgment, or a finding, unless "there ought be another hearing that would probably eventuate differently from that already had." *Cot-*

*ton States Life Insurance Co.* v. *Edwards,* 74 *Ga.* 220, 233. See *Beall* v. *Marietta Paper-Mill Co.,* 45 *Ga.* 28 (2), where it was held: "As there is nothing in the motion to set aside the judgment, or in fact before the judge on the hearing of the same, to show affirmatively that, if a new trial was had, the defendant could show any substantial defense, it was error in the court to grant the motion." Also *Phillips* v. *Taber,* 83 *Ga.* 565, 571 (10 S. E. 270), where it was held: "In order for a defendant to set aside a verdict and judgment on the ground of his absence for providential cause, he must not only show that he was sick and unable to attend the court, and unable to give the court notice of his condition, but he must go further and show to the court that he had a meritorious defense to the action, and show by his affidavit or the affidavits of others, such facts as would render it improbable or at least doubtful that the plaintiff would be entitled to recover. It is not enough for him to swear that he has a meritorious defense to the action, without going further and showing the facts upon which such defense is based, so that the court can determine for itself whether, if the verdict and judgment were set aside, the result might be different on the next trial; because it would be useless to set aside a verdict and go through another trial to have the same verdict rendered by the jury."

The practical effect of the ruling by the majority of this court is to allow the accused not only to ignore the grand jury but to unnecessarily impede it in the discharge of its duty. The grand jury was entitled to notice of his sickness in the absence of some reason why he was unable to give them notice of his condition, so that they could make an investigation of their own and ascertain then and there his true condition, and, if the facts so warranted, continue the case without going through the useless form of finding the indictment. Under the majority ruling the accused, by merely showing that he was too sick to attend the hearing before the grand jury, would prevent the grand jury from deliberating on his case, irrespective of whether or not he could show he would have exercised his privilege, if he had been physically able, and appeared before the grand jury and presented any substantial reason why the indictment should not be found. Whether sick or well, he may have preferred to refrain from going before the grand jury. Under the majority holding the grand jury would never be reason-

ably safe in proceeding to indictment for this offense, even after notice had been given to the accused to appear, according to the terms of the statute, unless they first sent forth and found out whether the accused was in good health. It seems to me it would be useless to abate or quash the indictment here and go through another hearing before the grand jury, and have another trial before a petit jury, when there is nothing in the plea in abatement to affirmatively show that if another hearing was had before the grand jury the defendant could show any substantial reason why the indictment should not be found as true. Or, even if he (whether sick or well) had such a reason (whether meritorious or not), yet he may have preferred to refrain from exercising his privilege of urging it before the grand jury, and preferred to wait and disclose and urge his defense for the first time at the regular trial. The writer thinks it would be preferable to require the accused to show in his plea in abatement that if the court did what he sought to have done it would not be doing a useless thing.