### 47561. PHILLIPS v. THE STATE.

HALL, Presiding Judge. Defendant county commissioner appeals from his conviction and from the denial of his motion for a new trial on two counts of malpractice in office. *Code* § 89-9907.

Defendant was originally indicted on many counts. A new trial was granted on most of these following a decision of the Supreme Court that identical indictments against other commissioners failed to allege offenses against the State law. See *Steele v. State,* 227 Ga. 653 (182 SE2d

475). The two counts on which he was convicted and a new trial denied alleged: (1) that he had sent a county employee to take an engine which was his own personal property to be repaired "in the name of and upon the credit of Henry County"; (2) and that he had misappropriated 16 gallons of county gasoline for use in his personal automobile. Evidence developed at the trial showed that he had paid for the engine repair out of his own funds, although taking advantage of a discount offered to the county, and that he had been upon county business in his personal automobile when he had used the 16 gallons of gasoline.

1. Defendant contends that each of the two counts of the indictment fails to allege a crime with requisite specificity, i.e., the basis of the holding in *Steele.* We agree as to the first. It is a basic tenet that a penal statute must describe the prohibited acts or omissions with sufficient clarity that men may understand the boundaries of acceptable behavior and gauge their actions accordingly. It is also fundamental that a person may be punished by the criminal law only for the acts or omissions set out in a statute or ordinance meeting the above test. In other words, although a particular form of behavior may be considered unethical, immoral or reprehensible by a significant number of people, it is not a crime unless it is set out as such in a statute or ordinance.

*Code* § 89-9907 does not define "malpractice in office." The Supreme Court has called it "a wrongful or unjust doing of an act which the doer has no right to do, or failure to do what the law makes it his duty to do, with evil intent or motive or due to culpable neglect." *Cargile v. State,* 194 Ga. 20 (20 SE2d 416). Further, the conduct must be either an official act or one done under the color of office. E.g., if a judge commits an armed robbery or a stock swindle, he has committed a crime but not the crime of malpractice in office. See *Clinkscales v. State,* 102 Ga. App. 670 (117 SE2d 229).

In the context of this case, the question then becomes:

What does a county commissioner have no "right" to do? The *Cargile* case made it clear that the question can only be answered by considering the laws defining the particular official's duties along with the malpractice statute; that only by reading those provisions into § 89-9907 is it made sufficiently definite to satisfy the requirements of a valid penal statute.

Here we have a county official saving himself some time and money because his position gave him good "contacts" and authority over menial employees. However, the legislature has not seen fit to prohibit Henry County officials from obtaining personal goods or services through the mechanism of the county's name or from sending county employees on personal errands. By way of contrast, see *Code Ann.* § 40-1936 which makes it unlawful for any State official or employee to purchase anything of value for personal ownership through any agency of the State.

Therefore, while we may believe such a practice is a moral violation of a public trust, and obviously offers possibilities for personal gain far beyond the amounts involved in this transaction, it cannot be considered an act which the commissioner had no lawful right to do. This count is defective and all proceedings based upon it are nugatory. *Oliveira v. State,* 45 Ga. 555.

2. Count two, however, by the allegation of "misappropriation," does sufficiently allege an offense against State law. The issue here is whether the offense was proved. Using county gasoline on county business, although in a personal vehicle, is not misappropriation standing alone. In some circumstances, it could be an acceptable way of providing official transportation. The State must show that the defendant was not entitled to use this gasoline. It contends that the defendant received a statutory travel expense allowance of $600 per year and that he is not entitled to receive additional gasoline or anything else for travel purposes. To reach this conclusion, however, one must assume that the statutory allowance is specifically in lieu of any actual expenses incurred

or county transportation facilities used. As the Act merely states that "each member of the board of county commissioners shall receive a travel expense allowance of $600 per annum" (Ga. L. 1969, pp. 2451, 2452), we cannot read the above assumption into it. With no other facts before us, we must hold that the State failed to prove misappropriation. The evidence is insufficient to support the verdict on this count.

3. All other enumerations of error are either without merit or will not arise again upon another trial.

   *Judgment reversed. Pannell and Quillian, JJ., concur.*
ARGUED OCTOBER 3, 1972—DECIDED NOVEMBER 2, 1972.

*Alfred D. Fears, Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, George J. Hearn, III, William R. Childers, Jr.,* for appellee.