39065. ARMSTRONG v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH et al.
39066, 39069. RAY v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH (two cases).
39067. STACY v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
39068. SIMS v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
39070. SULLIVAN v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.

GREGORY, Justice.

Over a period of time the six appellants in this case were issued a combined total of two hundred and eighty-five parking tickets by the City of Savannah. In each case a hearing was conducted in Recorder's Court and all appellants were ordered to pay the fines imposed. Their petition for certiorari was dismissed by the Chatham Superior Court. Code Ann. § 19-505. The case is before us on a constitutional

challenge to the City of Savannah Code § 7-1036.[1] See *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977).

1. Appellants first argue that the placement of a parking citation on an automobile is not a reasonable method of notifying an individual that he is being charged with violating a city parking ordinance. Appellants maintain that a parking citation may be easily "removed by a passerby [or] may be destroyed by inclement weather,"[2] thus preventing the driver of the vehicle from determining he has been charged. Appellants insist that only by personally notifying the vehicle's driver, prior to ticketing the vehicle, that he is about to be issued a citation for a parking violation and immediately thereafter giving him an opportunity to be heard will the requisites of due process be met.

We note at the outset that the parking of an automobile in an unrestricted location is not a right protected by either the Federal Constitution, Covington v. City of Raleigh, 531 F2d 220 (4th Cir. 1976) or by state law. "The use of the streets for the purpose of parking automobiles is a privilege and not a right, and the privilege of parking must be accepted with such reasonable burdens as the city may impose as a condition for the enjoyment of that privilege." *Ashley v. City of Greensboro,* 206 Ga. 800, 804 (58 SE2d 815) (1950).

We agree that the "practical and modern necessity of maintaining orderly traffic enforcement" dictates the need, especially in large cities, to enact an ordinance allowing illegally parked vehicles to be ticketed. City of Seattle v. Stone, 410 P2d 583, 586 (S. Ct. Wash. 1966). It is neither feasible nor constitutionally mandated for a city to provide notice and an opportunity to be heard prior to ticketing an illegally parked car.[3] Once a driver has illegally parked his automobile, he usually leaves it for his intended destination. Waiting for his return to notify him of the violation and

---

[1] Appellants Victoria Ray and David Sims have previously been before this court on a constitutional challenge to City of Savannah Code § 7-1036. See *Hood v. Mayor &c. of Savannah,* 247 Ga. 524 (277 SE2d 54) (1981). There we affirmed the superior court's dismissal of appellants' writ of certiorari because appellants failed to plead and prove the municipal ordinance under attack.

[2] At their hearing in Recorder's Court appellants contended that gusty winds from the Savannah River could easily blow a parking citation away from an automobile. We point out that none of the appellants in this case contend that they did not have actual notice of their parking violations.

[3] As the Seventh Circuit has pointed out, "[t]he determination that a car is illegally parked is pretty cut and dried . . . [Even if notice and an opportunity to be heard were granted the violator prior to issuing the ticket] [r]arely would a car owner be able to convince an impartial arbiter that his car was really not illegally parked." Sutton v. City of Milwaukee, 672 F2d 644, 646 (7th Cir. 1982).

then provide him an opportunity to be heard prior to citing him for the violation would be an inefficient process and a tremendous drain on municipal resources. It is sufficient that the City of Savannah parking citation notifies[4] the violator that he may contest the citation in Recorder's Court within five days of the date of the citation; if the violator elects to contest the ticket he is then given an opportunity to be heard. We find no merit in appellants' argument.

2. Appellants maintain that City of Savannah Code § 7-1036 is void for vagueness. This section provides:

"Whenever any person upon whose automobile or other vehicle a parking violation notice is placed by a peace officer of the city shall fail to report to the police department in response to the notice, such person shall, upon conviction in the police court for the violation charged in the notice, be subject to a fine of not less than $5.00 nor more than $100.00 in the discretion of the Court.

"Whenever a subpoena shall issue by the police department returnable to the police court for such illegal parking, the person to whom such subpoena is issued shall be authorized to make payment in the amount of the fine specified . . . plus $3.00 to the traffic office of the police department prior to such case having been entered upon the judge's docket book. Before the issuance of such subpoena, and within five days after the notice has been attached to the vehicle, the traffic office is authorized to collect the fine specified in the preceding section. After the expiration of such five days, the traffic office shall collect such fine plus $3.00."

Due process requires that an individual be informed as to what actions a governmental authority prohibits with such clarity that he is not forced to speculate at the meaning of the law. *Monroe v. State,* 250 Ga. 30 (295 SE2d 512) (1982). Appellants maintain that the ordinance is vague because it "makes no provision for a hearing at any definite time nor does it say when a person is to report to the police department." That the ordinance fails to set forth a specific date for a hearing does not make it vulnerable to a due process attack. We point out that notice is given an individual by the parking ticket itself that he may report to Recorder's Court within five days of the date indicated on the ticket. A hearing date will be set at this time. We further note that the ordinance clearly indicates that an individual may report to the police department "within five days after the notice has been attached to the vehicle" to pay the fine.

---

[4] The City of Savannah parking citations clearly provide "Notice: You have the right to contest this citation. To do so take it to the Recorder's Court, Room 103, Chatham County Courthouse, between the hours of 8:00 a.m. and 5:00 p.m. weekdays, within 5 days of the citation date."

Appellants' argument that the "automatic imposition of a $3.00 penalty without a judicial determination thereof" violates due process is equally lacking in merit. The ordinance provides that an individual may pay a parking ticket within five days. If he is dilatory in making payment during this period, he may still pay the fine at any time before his case is entered on the court docket,[5] forfeiting a three dollar penalty. However, unquestionably he has the opportunity to contest the parking ticket at a judicial hearing within five days of its attachment to his vehicle. If the individual elects to have a hearing on the matter within the prescribed five days, the issue of the three dollar penalty does not arise. Thus there is not, as appellants suggest, the imposition of a "fine upon a fine without opportunity for a judicial determination."

3. Appellants urge that the ordinance must fall because it is enforced solely for the purpose of generating revenue. "To establish that a parking meter ordinance is a 'revenue measure' and hence invalid, it must appear that the scheme of the ordinance is such that receipts will continuously and by a substantial amount exceed the cost of installation, maintenance, and regulation." *Ashley v. City of Greensboro,* 206 Ga. 800, 804, supra. The only evidence appellants produced at their hearing in support of this theory was the testimony of a City employee that he deposited the coins emptied from City parking meters into the City's account in a Chatham County bank. We find this wholly insufficient to show that the ordinance is invalid as a revenue measure.

4. We have examined appellants' remaining enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982 — REHEARING DENIED NOVEMBER 16, 1982.

*Robert M. Ray, Jr.,* for appellants (case nos. 39065, 39066, 39067, 39068, 39070).

---

[5] The evidence at the hearing shows that payment of the citation, without penalty, may be made within five days of the date on the ticket. During this time the individual ticketed has the right to request a hearing in Recorder's Court. If the violator takes no action within two weeks, a police officer personally contacts the violator to confirm ownership of the vehicle and to determine what course of action the violator intends to pursue. If the violator takes no action following this contact, a subpoena will issue. Even after the subpoena issues the violator may still pay the fine and will be assessed a three dollar penalty if the fine is paid prior to the entry of the case on the court docket.

■

*Gilbert L. Stacy,* for appellant (case no. 39069).
*Stanley E. Harris, Jr.,* for appellees.