## 45616. RITTER v. THE STATE.

(372 SE2d 230)

BELL, Justice.

This appeal concerns the constitutionality of OCGA § 40-6-315 (a), which provides that "[n]o person shall operate or ride upon a motorcycle unless he is wearing protective headgear which complies with standards established by the Board of Public Safety."

In April 1986, the appellant, Donald Ritter, was arrested for riding his motorcycle without any protective headgear and was charged with violating OCGA § 40-6-315 (a). Ritter admitted violating the statute, but attacked the statute's constitutionality. The trial court upheld the constitutionality of the statute, and found Ritter guilty for violating it. Ritter now appeals, and we affirm.

1. Ritter first argues that the statute is not a valid exercise of police power, in that it has no relation to the public health, safety, and welfare, but merely relates to the health, safety, and welfare of the cyclist. We disagree. First, the lack of a helmet subjects a cyclist to numerous dangers that may cause him to lose control of his motorcycle and thus become a hazard to other motorists. E.g., *Kingery v. Chapple*, 504 P2d 831 (Alaska 1972); *Bisenius v. Karns*, 165 NW2d 377, 379-384 (Wis. 1969); *Love v. Bell*, 465 P2d 118, 122 (7) (Colo. 1970); *State v. Lombardi*, 241 A2d 625, 627 (R.I. 1968). Additionally, a "motorcyclist who endangers himself plainly imposes [economic] costs on others," Tribe, American Constitutional Law, § 15-12, p. 939 (1978), including but not limited to the costs of caring for cyclists who suffer severe injuries and become public charges, see *State v. Odegaard*, 165 NW2d 677, 679 (N.D. 1969); *Love v. Bell*, supra, 465 P2d at 121; *State v. Laitinen*, 459 P2d 789, 791-792 (2-3) (Wash. 1969); *Bisenius v. Karns*, supra, 165 NW2d at 379-384.

For the foregoing reasons, we conclude that the statute is a valid exercise of police power, and that the individual cyclist's desire not to wear a helmet must succumb to the statute.

2. Ritter also complains that OCGA § 40-6-315 is unconstitutionally vague, in that it does not give the cyclist reasonable notice of the type of headgear that must be worn. However, we find that Ritter has no standing to make the foregoing vagueness challenge, because Ritter wore no helmet and thus engaged in conduct which the statute clearly proscribes. *Sustakovitch v. State*, 249 Ga. 273, 274-275 (1) (290 SE2d 77) (1982); *Gouge v. City of Snellville*, 249 Ga. 91, 93-94 (3) (287 SE2d 539) (1982); *Commonwealth v. Guest*, 425 NE2d 779 (2) (Mass. App. Ct. 1981).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1988.

*James W. Studdard*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.