## 77615. THE STATE v. BURRELL.
(377 SE2d 898)

BENHAM, Judge.

Appellee, a member of the Rabun County Board of Commissioners, was indicted for malpractice in office, a penal offense prohibited by OCGA § 45-11-4. The State appeals the trial court's order dismissing the indictment. OCGA § 5-7-1 (1).

The one-count indictment alleged that appellee, "being a member of the Board of Commissioners of Rabun County and while acting in his official capacity in the administration and under the color of his office, allow[ed] and cause[d] certain equipment, property of Rabun County, to wit: County trucks to be used for private business, to wit: the hauling of asphalt for the paving of the parking lot at Bi-Low's Food Store in Clayton, Georgia, said act being unauthorized by law and in violation of his duties as County Commissioner."

The crime "malpractice in office" is not statutorily defined. See OCGA § 45-11-4. The Supreme Court, however, stated that the term "malpractice in office," as used in the statute, "means a wrongful or unjust doing of an act which the doer has no right to do, or failure to do what the law makes it his duty to do, with evil intent or motive or

due to culpable neglect." *Cargile v. State*, 194 Ga. 20 (hn. 2) (20 SE2d 416) (1942). Responding to an allegation that the expression "malpractice in office" was too vague and indefinite to be a valid penal statute, the Supreme Court ruled that the statute "was made sufficiently definite by construing the statute in connection with the laws defining the official's duties. . . ." *Steele v. State*, 227 Ga. 653 (2) (182 SE2d 475) (1971). See also *Cargile v. State*, supra, Division 2; *Phillips v. State*, 127 Ga. App. 499, 501 (194 SE2d 278) (1972). The legislative act creating the Rabun County Board of Commissioners (Ga. L. 1969, pp. 2397-2403) gives the board "complete power, authority and control relative to county matters"; requires the board to establish rules and regulations for the expenditures of funds, for receipt of reports regarding county operating expenditures, and for budget submissions; and authorizes the board to act on all budget requests (Section 12). The board is empowered to make all purchases for the county, and purchases over $500 are to be by competitive bid. No funds may be expended by the board in violation of the competitive bid process (Section 13). The board is also empowered to hire a county attorney and assistants (Section 14); and is required to have made an annual audit of the county's fiscal affairs and furnish it to other county officials (Section 15). However, "[t]he legislature has not seen fit to prohibit [Rabun] County officials from [permitting county property to be úsed for private purposes] . . . Therefore, while we. may believe such a practice is a moral violation of a public trust, . . . it cannot be considered an act which the commissioner had no lawful right to do. This count is defective and all proceedings based upon it are nugatory. [Cit.]" *Phillips v. State*, supra at 501.

The State argues that appellee's act was unauthorized since neither the legislative act creating the board nor the general law confers upon the commissioners the right to authorize the use of public property for private purposes. That appellee's act may have been *unauthorized* does not require the conclusion that it was an *illegal criminal* offense. The State's interpretation of the malpractice in office statute would not withstand a constitutional attack. In order to survive an attack that it is void for vagueness and thereby violative of both the United States and Georgia Constitutions, a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. [Cit.] [A]n individual [must] be informed as to what actions a governmental authority prohibits with such clarity that he is not forced to speculate at the meaning of the law. [Cit.]" *Brinkley v. State*, 253 Ga. 541 (1) (322 SE2d 49) (1984). "[B]y the mere act of assuming public office[,] the officer surrenders no part of his right as an individual to be protected against the infliction of a penalty of ei-

ther fine or imprisonment unless he has been convicted under a valid statute defining the offense with sufficient definiteness." *Cargile v. State*, supra at 24-25.

Before appellee may be tried on the allegation that an act of his was a criminal offense, he must be made aware of what actions constitute a criminal offense. The statutes outlining a commissioner's duties do not forbid the use of public property for private purposes. Therefore, appellant was not clearly informed that his actions were criminal. The trial court did not err in dismissing the indictment returned against appellee for malpractice in office.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 10, 1989.

*Michael H. Crawford, District Attorney*, for appellant.
*Cathey & Strain, Dennis T. Cathey*, for appellee.