### S92A1218. POOLE v. THE STATE.
(425 SE2d 655)

HUNT, Presiding Justice.

Willington Poole, a Lithonia police officer, appeals his conviction, following a jury trial, of the felony of violating his oath as a public officer, OCGA § 16-10-1. He challenges, for vagueness, the constitutionality of that statute as applied. We affirm.

Poole confiscated a handgun during an automobile stop and, approximately five weeks later, pawned it to get money to pay his personal water bill. Poole's oath of office reads:

I do solemnly swear that I will well and truly demean myself as Police Officer of the City of Lithonia and that I will faithfully enforce the charter and ordinances of said City of Lithonia to the best of my ability, without fear or favor, and will in all my actions as Police Officer act as I believe for the best interests of said city, so help me God.

OCGA § 16-10-1 provides:

Any public officer who willfully and intentionally violates the

terms of his oath as prescribed by law shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

Poole contends that, as applied to him, OCGA § 16-10-1, read in conjunction with his oath, is unconstitutionally void for vagueness. We find no merit to this contention.

The void for vagueness doctrine simply means that a person may not be held responsible for conduct which violates a rule where that person could not have reasonably understood that his contemplated conduct was proscribed.

*Byrd v. City of Atlanta*, 709 FSupp. 1148, 1153 (N.D. Ga. 1989). The due process clauses of our state and federal constitutions require "that an individual be informed as to what actions a governmental authority prohibits with such clarity that he is not forced to speculate at the meaning of the law." *Armstrong v. Mayor &c. of Savannah*, 250 Ga. 121, 123 (2) (296 SE2d 690) (1982). While an infraction of a department rule[1] would not, in all instances, constitute a violation of a police officer's oath, there can be no question that Poole's action in pawning the gun violated his oath to "well and truly demean myself as Police Officer of the City of Lithonia," and to act "for the best interests of said city."[2] Poole's conduct was so far outside the realm of acceptable police behavior that, despite arguably vague language in the oath,[3] Poole had adequate notice that he could be prosecuted for

---

[1] The City of Lithonia Police Department Rules and Regulations, a copy of which Poole acknowledged receipt, provides, regarding seized property:

All contraband or other items seized will be tagged with the owners' names, case number and serial number; items will be turned over to the Chief of Police or his representative.

The jury was authorized to find, contrary to Poole's contention, that department rules and practices regarding seized property were that such property was to be turned over to the chief of police, or his designated representative, a sergeant in the department, within two days, and that, in no event, were officers to retain seized property for their personal use. We note the evidence on these issues was disputed. The chief of police, and a police officer in the department who had been Poole's partner, testified for the state regarding the department's rules and practice for seized property. Poole, and a former Lithonia police officer, who had been terminated for conduct unbecoming to an officer, testified that the rules were more lax than indicated by the state's witnesses.

[2] Compare *State v. Burrell*, 189 Ga. App. 812 (377 SE2d 898) (1989), wherein the Court of Appeals held that a county commissioner's use of public property for private purposes, while not authorized, is not an illegal criminal offense which would support an indictment for malpractice in office under OCGA § 45-11-4. In any event, in this case Poole *pawned* seized property to obtain funds for *personal* use. This is no less than conversion or, put another way, stealing. See OCGA § 16-8-4 (theft by conversion).

[3] There are, no doubt, numerous instances in which reasonable persons might differ regarding whether certain conduct violates an officer's oath to "truly demean" himself as a police officer, or act "for the best interests of" the city. The fact that OCGA § 16-10-1, read

that conduct. *Byrd v. City of Atlanta*, supra. He could not reasonably have been surprised that his conduct violated his sworn duty as a police officer. Id. Thus, we need not reach the question whether OCGA § 16-10-1, read with the oath, might be vague as to some conduct since it is clear it is not vague in light of Poole's conduct. *Parker v. Levy*, 417 U. S. 733, 756 (94 SC 2547, 41 LE2d 439) (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."); *Ritter v. State*, 258 Ga. 551 (2) (372 SE2d 230) (1988); *Sustakovitch v. State*, 249 Ga. 273, 274-275 (1) (290 SE2d 77) (1982).

For the foregoing reasons, OCGA § 16-10-1 is not unconstitutionally vague as applied to Poole, and his conviction is affirmed.

*Judgment affirmed. Clarke, C. J., Benham, Sears-Collins and Hunstein, JJ., concur; Fletcher, J., dissents.*

FLETCHER, Justice, dissenting.

I do find merit in Poole's contention that, as applied to him, OCGA § 16-10-1, when read in conjunction with his oath of office, is unconstitutionally void for vagueness. Because I believe that the statute defines the criminal offense in a manner that encourages arbitrary and discriminatory enforcement, I respectfully dissent from the majority's opinion in this case. Accord *Kolender v. Lawson*, 461 U. S. 352 (103 SC 1855, 75 LE2d 903) (1983); and *State v. Burrell*, 189 Ga. App. 812 (377 SE2d 898) (1989). While I agree with the majority that Poole's conduct was unacceptable and constituted criminal behavior, Poole should have been prosecuted for theft by conversion in violation of OCGA § 16-8-4, as footnote 2 of the majority opinion suggests, rather than for violating his oath as a public officer.

DECIDED FEBRUARY 8, 1993.

*Richard S. Alembik, John H. Tarpley, Sr.*, for appellant.
*Robert E. Wilson, District Attorney, Nancy B. Allstrom, Assistant District Attorney*, for appellee.

---

with the oath, might be unconstitutionally vague in other instances, does not give Poole a right to challenge that statute as applied to him. See *Byrd v. City of Atlanta*, supra.