A94A0118. THE STATE v. TULLIS.
(445 SE2d 282)

SMITH, Judge.

Windell Clarion Tullis was indicted for misdemeanor theft by shoplifting, OCGA § 16-8-14, and violation of oath by a public officer,

OCGA § 16-10-1, a felony. The trial court granted Tullis's motion to dismiss the count of violation of oath by a public officer, the State appeals, and we affirm.

It is undisputed that Tullis, a City of Winder police officer, took a candy bar from a convenience store without paying for it. However, the offense of violation of oath by a public officer requires more than the commission of a misdemeanor by a public officer.

OCGA § 16-10-1 provides: "Any public officer who willfully and intentionally violates the terms of his oath as prescribed by law shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."[1] The oath allegedly administered to Tullis is as follows: "I, W. C. Tullis, do solemnly swear that I will discharge all the duties as an officer of the City of Winder devolving upon me in the capacity of police officer and will perform all the duties devolving upon me as such an officer of the City of Winder without fear or favor or affection to any person or persons, and to perform my duties to the best of my ability, so help me God."

The State contends that the commission of a misdemeanor while on duty constitutes a violation of Tullis's oath of office, because he implicitly swore to uphold the laws of the State of Georgia. However, this interpretation of the law effectively would render any commission of a misdemeanor by a police officer a felony under OCGA § 16-10-1. For example, a police officer could be subject to a felony prosecution for failure to obey a traffic signal, OCGA §§ 40-6-20 and 40-6-1, or catching nine rainbow trout, one more than the creel limit, OCGA §§ 27-4-10 and 27-1-38.

Previous decisions uniformly require some connection between the offense and the public officer's official duties. See, e.g., *Poole v. State*, 262 Ga. 718 (425 SE2d 655) (1993) (police officer pawned a firearm seized during an automobile stop to pay his personal water bill); *Gober v. State*, 203 Ga. App. 5 (416 SE2d 292) (1992) (state trooper raped a motorist whom he arrested for DUI); *Freeman v. State*, 184 Ga. App. 678 (362 SE2d 413) (1987) (sheriff appropriated county funds for his own use); *Chastain v. State*, 177 Ga. App. 236 (339 SE2d 298) (1985) (tax commissioner appropriated public funds for his own use); *State v. Greene*, 171 Ga. App. 329 (320 SE2d 183) (1984) (court clerk did not collect and remit payments made to the court); *Nave v. State*, 171 Ga. App. 165 (318 SE2d 753) (1984) (district attorney charged with bribery).

It is also significant, as the trial court observed, that the remainder of the article in which OCGA § 16-10-1 appears explicitly ad-

---

[1] A police officer is a "public officer" within the meaning of OCGA § 16-10-1. *Poole v. State*, 262 Ga. 718 (425 SE2d 655) (1993).

dresses conduct of public officers and employees directly connected with their official duties. Criminal statutes are strictly construed, particularly those which are made penal in conjunction with another statute, *Beckman v. State*, 229 Ga. 327, 331 (3) (190 SE2d 906) (1972). We cannot conclude from the language or the context of the enactment that the General Assembly intended to place every misdemeanor committed by a public officer within the scope of OCGA § 16-10-1. The trial court did not err in dismissing Count 1 of the indictment.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 16, 1994 —
RECONSIDERATION DENIED JUNE 21, 1994 — 

*Timothy G. Madison, District Attorney, Jeffrey G. Morrow, Assistant District Attorney*, for appellant.

*Michael J. Anderson*, for appellee.