A97A0743. JOWERS v. THE STATE.
(484 SE2d 803)

BIRDSONG, Presiding Judge.

Appellant Mickey Jowers was indicted for rape, sexual assault against a person in custody, and violation of oath by a public officer. The alleged teenage victim, a female age 16, was taken into police custody and subsequently cited for underage drinking; thereafter, she was transported to the local law enforcement center. A deputy at the center informed the female she could depart the facility if she could get someone to pick her up. When the female was unable to find someone to come and get her, the appellant, a sworn county deputy sheriff, was called to transport her to her home. It is undisputed that the deputy was in an on-duty status that evening; he was duly armed and in uniform. The victim knew she was free to leave the center but not on her own; and she was informed by the deputy at the law enforcement center that he had signed her bond. Appellant arrived and the female entered his police vehicle. Appellant drove her to an isolated area and had sexual intercourse with her. Appellant made a pretrial statement admitting he had engaged in sexual intercourse

with her but asserting the act was consensual; the female testified the act occurred against her will and that she was too afraid to protest verbally appellant's sexual conduct. After the sexual act, she fled from the car and immediately made a fresh complaint regarding appellant.

After concluding that the female was not in custody at the time of the incident, the trial court granted appellant's motion for a directed verdict of acquittal as to the charge of sexual assault against a person in custody. The jury returned a verdict of not guilty of rape and guilty of violation of oath by a public officer.

Appellant enumerates the following four errors: The State failed to prove the allegations against appellant beyond a reasonable doubt; the trial court erred by failing to direct a verdict of acquittal at the conclusion of the State's case; the trial court erred by failing to direct a verdict of acquittal at the conclusion of defendant's case; and the trial court erred by failing to grant a new trial on the grounds of the failure to prove the State's case beyond a reasonable doubt and based upon the trial court's failure to grant a directed verdict of acquittal as to the offense of which appellant was convicted. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) is the proper test for an appellate court to use in resolving questions of insufficiency of the evidence during the direct appeal of a judgment of conviction. Moreover, the reasonable doubt test established in *Jackson v. Virginia*, supra, "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

2. Appellant (who at the time of the incident was a deputy sheriff) was charged in the indictment with violating his oath of office by engaging "in sexual contact with [the alleged victim] while she was in his custody in his capacity as a law enforcement officer." Appellant contends the evidence was insufficient in two material respects: First, that the State failed to prove the terms of the oath of office administered to appellant and thus the jury had no basis on which to determine if the officer in fact violated his oath by his conduct with the female; second, that the State failed to prove that the female was in fact in custody at the time of the incident.

OCGA § 16-10-1 provides: "Any public officer who willfully and

intentionally violates the *terms* of his oath *as prescribed by law* shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years." (Emphasis supplied.) This statute is plain, unambiguous, and on its face does not lead to any absurd or impracticable consequences; such a statute is simply construed by the court according to its terms and no further inquiry as to its interpretation is conducted. *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227); see *Chives v. State*, 214 Ga. App. 786, 787 (449 SE2d 152). As a general rule, statutes must be construed to make all of their parts harmonize with a sensible and intelligent effect; in doing so, it is not to be presumed the legislature intended that any part would be without meaning. *Houston v. Lowes &c.*, 235 Ga. 201, 203 (2) (219 SE2d 115). It is well established that a "criminal law should be plain and unambiguous and not dependent upon the current conflicting views of appellate judges. [Cit.] It has always been the law that criminal statutes must be strictly construed against the state. [Cit.]" *Mitchell v. State*, 239 Ga. 3 (1) (235 SE2d 509).

The charge in the indictment of violation of oath by a public officer pertinently averred that appellant, a deputy sheriff, took and then wilfully and intentionally violated the oath of office prescribed by law for the office of sheriff as follows: "I do swear that I will faithfully execute all writs, warrants, precepts, and processes directed to me as sheriff of this county, or which are directed to all sheriffs of this state, or to any other sheriff specially, which I can lawfully execute, and true returns make, and in all things well and truly, without malice or partiality, perform the duties of the office of sheriff of Coffee County, during my continuance therein, and take only my lawful fees, So help me God." The charge also averred that the said oath was violated by appellant when he "did engage in sexual contact with [the alleged victim] while she was in his custody in his capacity as a law enforcement officer."

The averment of the "terms" of the oath in the charge is identical to the "terms" of the oath of office which the legislature has "prescribed by law" for all sheriffs to take before entering the duties of their office. Compare OCGA § 15-16-4. Pursuant to OCGA § 45-3-7 this same oath of office also is prescribed by law to be taken by a deputy sheriff, such oath being the same as prescribed by law for the sheriff who is a deputy sheriff's principal within the meaning of this statute.

The only evidence the State offered regarding the "terms" of the oath actually administered to appellant was the testimonial evidence of the county sheriff. The sheriff testified that he had personally administered an oath to appellant. The sheriff did not testify as to the actual "terms" of the oath which he administered; however, he answered in the affirmative when asked whether appellant had

taken an oath "as a sheriff or deputy sheriff of this state to perform his duties for [the sheriff] as a deputy sheriff." He also answered in the affirmative when asked whether on the date of the incident appellant "was under oath, sworn to uphold the laws of this state as a deputy sheriff here in Coffee county." The sheriff did not testify expressly whether appellant had taken an oath which contained the "terms" as averred in the pertinent charge in the indictment. See generally OCGA § 16-10-1. Although the indictment accompanied the jury into the deliberation room, the trial court correctly charged the jury that the "indictment is not evidence and you are not to consider [it] as such." See, e.g., *Bostick v. Ricketts*, 236 Ga. 304, 305 (223 SE2d 686).

The State contends that it has carried its burden of proof as to the offense of violation of oath by a public officer and that it did not have to prove an oath of office was administered as averred in the charge as such language was mere surplusage. We disagree. OCGA § 16-10-1 on its face makes it a felony offense for any public officer to wilfully and intentionally violate "the terms of his oath as prescribed by law." We cannot hold that the averment of the "terms" of an oath of office in the charge using the exact language of that statute which prescribes by law the specific and clear "terms" of the oath of office required of such officer constitutes the averment of mere surplusage. Such a holding would be absurd; it would render the actual "terms" of an oath superfluous to a charge of the crime of violation of oath by public officer, notwithstanding that OCGA § 16-10-1 on its face unequivocally prohibits a public officer from wilfully and intentionally violating "the terms of his oath as prescribed by law." Construing the above-cited statutes in pari materia, it is unmistakable that the "terms" of the oath averred to be violated are a necessary fact. This does not mean that the entire oath must be averred on each occasion, but only the terms thereof which were wilfully and intentionally violated by the public officer. In this case, however, the State elected to aver the entire oath of office prescribed by law and not merely the portion thereof which it sought to prove had been violated. It is a precedent of long-standing that " '[i]n criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.' " *Sanchez v. State*, 197 Ga. App. 470, 474 (3) (398 SE2d 740). The averment in this charge was an unnecessarily minute description of a necessary fact and had to be proved as charged. This the State failed to do. *Poole v. State*, 262 Ga. 718 (425 SE2d 655), cited by the State, is both factually and legally distinguishable for this case; it involved the violation of a different oath and the legal issue addressed was the alleged vagueness of OCGA § 16-10-1. Also distinguishable is our questionable holding in *Nave v. State*, 171 Ga. App.

165 (1) (318 SE2d 753); appellee's reliance on this case is not well founded.

Additionally, the evidence of record at best reflects that by taking the oath administered to him appellant was sworn to uphold the laws of this state. This particular "term" is not one expressly "prescribed by law" for the oath which a deputy sheriff must take. See generally OCGA §§ 15-16-4; 45-3-1; 45-3-7. Assuming without deciding that OCGA § 16-10-1 is capable of two constructions — specifically, that only the violation of those "terms" of an oath which are expressly prescribed by statute will give rise to the violation of oath by public officer, and that the violation of those "terms" of an oath which are either expressly or impliedly prescribed by statute will give rise to such violation — the State still cannot prevail. " '[W]hen a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute *must* be construed strictly against the State and in favor of the accused.' " *Asberry v. State*, 220 Ga. App. 40, 42 (467 SE2d 225). Cf. *State v. Tullis*, 213 Ga. App. 581 (445 SE2d 282), where this Court rejected the State's contention that the commission of a misdemeanor while on duty constitutes a violation of a police officer's oath of office, because he *implicitly* swore to uphold the laws of the State of Georgia.

In view of our holding we elect not to address appellant's other contentions in support of his enumerations of error. While we do not condone appellant's conduct, justice recognizes that " ' "[t]he rights of the best of [mankind] are secure only as the rights of the vilest and most abhorrent are protected." ' " *Towler v. State*, 188 Ga. App. 43, 46 (2) (372 SE2d 242).

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED MARCH 31, 1997.

*John A. Rumker*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.

