A00A0566. DOWIS v. THE STATE.
(533 SE2d 434)

PHIPPS, Judge.

Mark Dowis was convicted of operating a motorcycle without the headgear required by OCGA § 40-6-315 (known as Georgia's motorcycle helmet law) based on evidence that he was wearing nothing more than a cloth bandanna as a head covering. In this appeal of his conviction, he contends that the trial court erred in denying his motion to quash the accusation. Dowis claims that the Board's failure to publish lists approving specific types of approved headgear violates OCGA § 40-6-315 and that without such lists the statute is unconstitutionally vague.

OCGA § 40-6-315 (a) prohibits any person from operating or riding upon a motorcycle in Georgia unless he is wearing protective headgear which complies with standards established by the Board of Public Safety. Subsection (d) states that the Board "is authorized" to approve or disapprove specific types of protective headgear and enforce regulations establishing standards and specifications for their approval. If this authority is exercised, subsection (d) provides that the Board "shall" publish lists of all approved headgear by name and type.

Although the Board has chosen not to approve or disapprove specific types of headgear, it has enacted administrative regulations establishing, among other things, standards for determining whether headgear complies with the statute.[1] The regulations require headgear to consist of "a hard, smooth outer surface containing the neces-

---

[1] Ga. Comp. Rules & Regs., Department of Public Safety, Chapter 570-13, Specifications for Protective Headgear for Vehicular Users.

sary means of attenuating impact energy and resisting penetration"[2] and to "exhibit a minimum level of shock absorbency upon impact with a fixed, hard object."[3] The quality of the materials used in the manufacture of the headgear is also set forth.[4] *Held*:

The statute does not require the Board to approve specific types of headgear. We do, however, interpret the statute as requiring the establishment of compliance standards. In the regulations previously discussed, the Board has established such standards. Although it may be debatable whether particular types of headgear comply with these standards, it is absolutely clear that a cloth bandanna does not. Because Dowis has engaged in conduct which the statute clearly proscribes, he has no standing to make the vagueness challenge.[5] "[O]ne whose own conduct may be constitutionally proscribed will not be heard to challenge a law because it may conceivably be applied unconstitutionally to others."[6]

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 4, 2000 — 

*Mullman-Roberts, John A. Roberts,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, Gary S. Vey, Assistant Solicitor,* for appellee.

---

[2] Regulation 570-13-.03 (1).
[3] Regulation 570-13-.03 (2).
[4] Regulation 570-13-.04.
[5] *Ritter v. State*, 258 Ga. 551 (2) (372 SE2d 230) (1988).
[6] *Hubbard v. State*, 256 Ga. 637, 638 (352 SE2d 383) (1987).