[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 13, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-12215
Non-Argument Calendar
_____

D. C. Docket No. 00-01682-CV-TWT-1

ABATE OF GEORGIA, INC.,
and all others similarly situated,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
GEORGIA DEPARTMENT OF PUBLIC SAFETY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 13, 2001)**

Before ANDERSON, Chief Judge, DUBINA, and GODBOLD, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant American Bikers Active Toward Education ("ABATE")

of Georgia, Inc., filed this action against Roy E. Barnes, in his official capacity as

Governor of Georgia, Commissioner Robert E. Hightower of the Georgia Department of Public Safety in his official and individual capacities, the Georgia Board of Public Safety ("Board"), and the members of the Board in their official and individual capacities. Plaintiff brings this action under 42 U.S.C. § 1983 and challenges the constitutionality of Georgia's motorcycle helmet law that requires all persons to wear "protective headgear" while operating or riding a motorcycle. GA. CODE ANN. § 40-6-315 (Supp. 1999). The district court granted Defendants' motion to dismiss. Plaintiff now appeals. We affirm.

We review de novo a district court's order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. See McKusick v. City of Melbourne, Fla., 96 F.3d 478, 482 (11th Cir. 1996).

> The statute at issue states in its relevant part:
>
> (a) No person shall operate or ride upon a motorcycle unless he or she is wearing protective headgear which complies with standards established by the Board of Public Safety.
>
> (b) No person shall operate or ride upon a motorcycle if the motorcycle is not equipped with a windshield unless he or she is wearing an eye-protective device of a type approved by the Board of Public Safety.
>
> (c) This Code section shall not apply to persons riding within an enclosed cab or motorized cart. This Code section shall not apply to a

person operating a three-wheeled motorcycle used only for agricultural purposes.

(d) The Board of Public Safety is authorized to approve or disapprove protective headgear and eye-protective devices required in this Code section and to issue and enforce regulations establishing standards and specifications for the approval thereof. The Board of Public Safety shall publish lists of all protective headgear and eye-protective devices by name and type which have been approved by it.

§ 40-6-315.

The statute was amended in the 2000 session of the Georgia General Assembly to substitute the newly created Commissioner of Motor Vehicle Safety as the applicable regulatory authority for the Board of Public Safety, effective July 1, 2001. See id.

Plaintiff first contends that the Board's failure to publish lists of approved headgear and eye-protective devices violates Plaintiff's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Second, Plaintiff contends that the statute is unconstitutionally vague. Plaintiff alleges that the failure of the Board to publish a list of approved gear prevented ABATE's members from knowing what equipment satisfies the statutory requirements.

The district court did not err in granting Defendants' motions to dismiss for failure to state a claim upon which relief can be granted. The statute authorizes the promulgation of rules and regulations enacting standards. O.G.C.A. § 40-6-315.

3

Standards have been promulgated and they require manufactures to affix a permanent label to headgear and eye-protective devices showing compliance with the applicable standards. See GA. COMP. R. & REGS. r. 570-12-.01 et. seq. (1999); See id. at r. 570-13-.01 et seq. Plaintiff asserts that the statute requires the Board to issue lists approving specific types of headgear, which Dowis rejected. See Dowis v. State, 243 Ga. App. 354, 355 (2000). The Georgia Court of Appeals interpreted the statute and stated that "[t]he statute does not require the Board to approve specific types of headgear." Dowis, 243 Ga. App. at 355. The district court did not err when it reasoned that it would be a gross intrusion for it to undercut this decision of the Georgia Court of Appeals, construing a Georgia statute.

Plaintiff raises a flurry of other issues. The statute is not unconstitutionally vague on its face. Operating a motorcycle is not speech within the First Amendment. Plaintiff's due process violation claims have no merit. See Picou v. Gillum, 874 F.2d 1519, 1521 (11th Cir. 1989). There is no equal protection issue. Plaintiff's claims for damages are barred by the Eleventh Amendment. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104-106 (1984).

AFFIRMED.