## 38198. SUSTAKOVITCH v. THE STATE.

CLARKE, Justice.

Appellant, a 66-year-old grandmother, was convicted of theft by shoplifting of certain goods from the DeKalb Farmers Market. Witnesses for the prosecution testified that appellant pushed a buggy

into the open gate area of the market. The buggy contained groceries for which she had not paid. Accosted by the market's security personnel and asked for a sales receipt, she did not stop but continued into the parking lot where she abandoned the buggy, got into her car, and began to back away. She was stopped by security personnel, who placed her under arrest. At trial, appellant insisted that she was accosted inside the store by the owner and denied that she intended to leave without paying for the groceries.

1. Appellant's first enumeration of error is that the trial court erred in denying a directed verdict of acquittal in that the statute under which she was convicted, Code Ann. § 26-1802.1 (a)(1), is unconstitutionally vague on its face and as applied to the facts of this case. "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Mazurie, 419 U. S. 544, 550 (95 SC 710, 42 LE2d 706) (1975). This holding has been recently followed by this court in *State of Ga. v. Hudson,* 247 Ga. 36 (273 SE2d 616) (1981). Appellant's attack on Code Ann. § 26-1802.1 as unconstitutionally vague on its face must fail since First Amendment rights are not affected by this statute.

The statute is also challenged as unconstitutionally vague in the light of the facts of this case. Code Ann. § 26-1802.1 (a) provides that: "A person commits the crime of theft by shoplifting when he, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following:

(1) conceals or takes possession of the goods or merchandise of any store or retail establishment; or

(2) alters the price tag or other price marking on goods or merchandise of any store or retail establishment; or

(3) transfers the goods or merchandise of any store or retail establishment from one container to another;

(4) interchanges the label or price tag from one item of merchandise with a label or price tag for another item of merchandise."

Appellant contends that the statute is vague. As an example of this vagueness she points to the shopper in a self-service store, arguing that he might be uncertain whether the conduct prohibited by the statute included the removal of merchandise from the shelves to examine it.

We need not reach the question whether the statute might be vague as to some conduct since it is clear that it is not vague in the light of the conduct here. In the present case there was testimony from which the jury could have concluded that appellant removed

goods from the store without paying for them, thereby taking possession of goods with the intent of appropriating the goods to her own use without paying for them within the meaning of the statute. This conduct was clearly prohibited by the statute. The appellant's first enumeration of error is without merit.

2. In her second enumeration of error, appellant complains that the trial court erred in refusing to admit the results of her polygraph test which, she contends, would have been materially exculpatory. Under the law as it now exists in this state, results of polygraph tests are admissible only upon the express stipulation of the parties. *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977). We reiterated our position on the admissibility of polygraph examinations in *Ross v. State,* 245 Ga. 173 (263 SE2d 913) (1980). We adhere to those decisions today. Accordingly, we find appellant's second enumeration of error to be without merit.

3. In her third enumeration of error appellant contends that the court's charge on intent was impermissibly burden-shifting under Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). Taken as a whole, the charge was not impermissibly burden-shifting as to the element of intent. Similar charges were approved in *Lackey v. State,* 246 Ga. 331 (271 SE2d 478) (1980), and *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

4. The trial court's charge as to flight was justified since there was testimony at trial from which the jury could have concluded that appellant attempted to flee. The charge was not impermissibly burden-shifting.

5. The court's refusal to allow appellant to question character witnesses about her specific reputation for honesty was harmless. Five character witnesses were called by appellant, in addition to her daughter and son-in-law. All five testified to her good reputation and to the fact that they would believe her under oath. There was also testimony that she regularly attended Sunday school and church, and shock was expressed at her arrest. Her former employer testified that she was trusted by her fellow employees and that she would be trusted with the company's money. Clearly, appellant's counsel was allowed to elicit testimony concerning appellant's reputation for honesty. We find no harmful error in the court's refusing to allow specific questions regarding her reputation for honesty.

6. Appellant's complaint that the victim's attorney was appointed a special prosecutor in this case is without merit. The court clearly ruled that the attorney, who was allowed to sit at counsel table, was not a special prosecutor.

7. Appellant's enumeration number 7, dealing with the conduct of the prosecutor, is without merit.

8. In her final enumeration of error, appellant claims that she was restricted in her cross-examination of a state witness who allegedly offered to dismiss the accusation against appellant in exchange for $500.00. The record reveals that when the prosecutor objected to the line of questioning, the court sustained the objection. Prior to the objection, however, defendant's counsel had thoroughly cross-examined the witness on this point. "Although a defendant is entitled to a thorough and sifting cross examination of witnesses against him (Code Ann. § 38-1705), the scope of cross examination is largely within the discretion of the trial court and will not be controlled by this court except for abuse of discretion." *Mitchell v. State,* 236 Ga. 251, 256 (223 SE2d 650) (1976). There being no abuse of discretion here, this enumeration is without merit.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED APRIL 6, 1982 —
REHEARING DENIED APRIL 21, 1982.

*Rogers & Brownlow, David R. Rogers,* for appellant.
*John R. Thompson, Solicitor, Michael L. Russo, Assistant Solicitor,* for appellee.