75860. CLARK v. THE STATE.
75861. SINGLETARY v. THE STATE.
(369 SE2d 550)

SOGNIER, Judge.

Appellants were convicted in a joint trial of child molestation and they appeal.

1. Appellants contend the trial court's charge on voluntary intox-

ication was erroneous, and that the court erred by denying appellant Singletary's request to charge on voluntary intoxication. The court's charge on voluntary intoxication was as follows: "Ladies and gentlemen, I charge you that our law provides that voluntary intoxication shall not be an excuse for any criminal act. It provides further that if a person's mind, when unexcited by intoxicants, is capable of distinguishing between right and wrong and reason and acting rationally, and he voluntarily deprives himself of reason by consuming intoxicants, and while under the influence of such intoxicants, he commits a criminal act, he is criminally responsible for such acts to the same extent as if he were sober." This charge was a correct statement of the law. OCGA § 16-3-4 (c); *Williams v. State,* 237 Ga. 399 (228 SE2d 806) (1976).

Although appellants acknowledge the correctness of the charge given, they argue that it was error when not coupled with the following charge requested by appellant Singletary: "I also charge you members of the Jury, that even though voluntary intoxication shall not be an excuse for the commission or omission of a criminal act, if because of the influence of alcohol on the (sic) one's mind that his mind becomes so impaired as to render him incapable of forming an intent to do the act charged, or to understand that certain consequences would likely result from it, he would not be criminally responsible for the act. Whether or not that is true in this case is a question for you, the Jury, to determine."

Appellants argue that because their intent, and how such intent was affected by alcohol, was a crucial issue in this case, the evidence demanded such a charge. This court has held consistently that it is not error to refuse to charge that voluntary intoxication can negate the specific intent for a crime. *Mitchell v. State,* 187 Ga. App. 40 (369 SE2d 487) (1988); *Williams v. State,* 180 Ga. App. 854, 855 (2) (350 SE2d 837) (1986); *Faircloth v. State,* 175 Ga. App. 130 (1) (332 SE2d 686) (1985). Hence, this argument is without merit.

### Case No. 75860

2. Appellant Clark alleges error in the trial court's refusal to give his requested charge that where the evidence presents two theories, one of guilt and the other consistent with innocence, justice and the humanity of the law compel acceptance of the theory consistent with innocence. This instruction is applicable only in cases dependent solely on circumstantial evidence. *Griffis v. State,* 163 Ga. App. 491, 492 (2) (295 SE2d 197) (1982); *Hood v. State,* 179 Ga. App. 387, 390-391 (3) (346 SE2d 867) (1986). In the instant case there was direct evidence from the victim and an eye-witness that the offense occurred. Hence, it was not error to deny appellant Clark's requested

charge. Id.

### Case No. 75861

3. Appellant Singletary contends the evidence is not sufficient to support the verdict. Stated briefly, the evidence disclosed that after an afternoon and evening of drinking, appellant committed an act of oral sodomy on the victim, a thirteen-year-old boy. Both the victim and his cousin, who was also present, testified that the act occurred, and appellant made a statement to a GBI agent admitting that he committed the act charged. Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant Singletary contends the trial court's charge on voluntary intoxication shifted the burden of persuasion or proof to him on the issue of intent. However, appellant did not take exception or object to the charge on this ground when the court asked for exceptions to the charge, and he did not reserve any exceptions to the charge. Asserted errors in charges which were not raised when the trial court asked for objections, and which were not reserved, are waived. *Wright v. State*, 182 Ga. App. 570 (1) (356 SE2d 531) (1987).

5. Appellant Singletary alleges error in denial of his motion for a new trial. Since the grounds for his motion were the same as those enumerated as error in this appeal, there was no error in denial of his motion.

*Judgments affirmed. Deen, P. J., and Carley, J., concur.*

### Decided May 24, 1988.

*Roy R. Kelly III*, for appellant (case no. 75860).
*Alfred D. Fears*, for appellant (case no. 75861).
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.