76713. IN THE INTEREST OF L. D. J.
(371 SE2d 133)

BANKE, Presiding Judge.

The appellant was arrested and charged in juvenile court with armed robbery, possession of a firearm during the commission of a crime, pointing a pistol at another, carrying a pistol without a license, carrying a concealed weapon, and theft by receiving stolen property. The juvenile court entered an order transferring the case to superior court for prosecution of the appellant as an adult; and the appellant filed this appeal, contending that there were no reasonable grounds to believe he was not committable to an institution for the mentally ill or mentally retarded, as required by OCGA § 15-11-39 (a) (3) (B), and that the state failed to establish the non-availability of rehabilitative

alternatives through the juvenile justice system.

It was shown that the appellant had twice been placed in community-based rehabilitation programs but had failed in both instances to successfully complete the program's trial period. It was further shown that the appellant had been committed to a Youth Development Center (YDC) as a sentence for prior criminal misconduct, that he had served his maximum sentence there without reduction for good behavior, and that he had been arrested on the present charges while on probation after being released from the YDC. A court services worker who had worked with the appellant prior to his arrest on the present charges testified that the YDC was the harshest treatment alternative available in the juvenile justice system and that if the appellant were sent back to a YDC, the services and treatment available to him would be essentially the same as before. A clinical psychologist who had examined and evaluated the appellant testified that although the appellant was of relatively low intelligence, he was not retarded, and that he "would not be committable to a mental hospital at this time." There was no testimony to the contrary. *Held*:

Based on the foregoing evidence, as well as other evidence introduced in support of the transfer motion, the trial court was authorized to conclude that all of the statutory requirements imposed by OCGA § 15-11-39 for the transfer of the case to superior court had been met and that it would be fruitless to attempt further rehabilitative efforts through the juvenile justice system. We accordingly hold that the court did not abuse its discretion in granting the transfer motion. Accord *D. T. R. v. State of Ga.*, 174 Ga. App. 695 (331 SE2d 70) (1985). See also *In the Interest of J. J. S.*, 246 Ga. 617, 618 (272 SE2d 294) (1980).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JUNE 22, 1988.

*Steven A. Hathorn*, for appellant.
*John M. Ott, District Attorney*, for appellee.