A90A0350. IN THE INTEREST OF T. M., a child.
(393 SE2d 448)

BIRDSONG, Judge.

Appellant T. M. is accused of the theft of more than two pounds of cocaine from the property room of the Hall County Sheriff's Department, on a Sunday in April 1986. Evidence adduced shows that from September 1985 until September 1987, appellant T. M.'s mother served as custodian or property officer of the contraband kept in the vault; T. M. often used her keys and had access to the vault. In April 1986, T. M., with two friends, entered the annex where the property room was situated; thereafter, T. M. told four other friends that he had entered the property room and substituted flour for the cocaine.

Appellant, who was born in October 1970, was more than fifteen years old at the time of this alleged event.

After a full hearing on the State's motion to transfer, the juvenile court transferred the matter to Hall County Superior Court. This appeal follows the order to transfer. *Held*:

Appellant, under four enumerations of error, attempts to argue the merit of the prosecution and complains that the juvenile court deprived him of certain constitutional rights attaching to the prosecution for a crime. It is clear that the juvenile court did not attempt to adjudicate appellant's culpability of the offense charged. Therefore, there has been no prosecution for the offense, and the constitutional rights which appellant vigorously complains he has been denied, have not attached or been irremediably violated. If any deficiency arguably has occurred, the time for appellate complaint is not ripe; we are confident appellant's counsel is capable of bringing it to the superior court's attention at the proper time.

The juvenile court clearly did not err in transferring the case to the jurisdiction of the superior court pursuant to OCGA § 15-11-39. The trial court properly rendered detailed findings of fact and conclusions as required by that statute. We find no error in the finding that T. M. is not amenable to treatment or rehabilitation, balancing the amenability factor against the interests of the community in processing T. M. as an adult. See *In the Int. of J. J. S.*, 246 Ga. 617, 618 (272 SE2d 294).

Appellant was eighteen at the time of the transfer hearing. His age makes alternate placement difficult if not impossible. His history in juvenile court includes delinquency adjudications in two counts of burglary and six counts of motor vehicle theft. He had frequently stolen from his mother. Evidence showed his compliance with "after care" conditions on these delinquencies was unsatisfactory and unfulfilled. We find no basis to conclude that the court's focus should have been primarily on the issue of T. M.'s amenability to rehabilitation. See *In the Int. of J. J. S.* Even if the trial court had focused on that issue of rehabilitation to the exclusion of the community interest, we could not find an adverse ruling to be an abuse of the juvenile court's discretion in this case. See *D. T. R. v. State*, 174 Ga. App. 695, 697 (331 SE2d 70). The fact that many, or most, transferred juvenile cases involve violent crimes (cf. *In the Int. of J. J. S.*, supra; and see *In re K. S. J.*, 258 Ga. 52 (365 SE2d 820)) and *In the Int. of L. D. J.*, 187 Ga. App. 610 (371 SE2d 133) (cited by appellant) does not mean that only juveniles committing violent offenses are transferrable to superior court; there is no such requirement in OCGA § 15-11-39. The theft of more than two pounds of cocaine is equally serious or equivalent to many crimes that are physically violent in nature. Finally, the community's interest in this case and in the conduct of the

sheriff's office in that county are weighty factors that the trial court properly considered. See *In the Int. of J. J. S.*, supra.

We find no abuse of discretion in the juvenile court's transfer of this defendant, soon to be age twenty, to superior court for prosecution of this serious offense.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 16, 1990 —
REHEARINGS DISMISSED MARCH 26, 1990 AND APRIL 10, 1990 — ▮

*Watson & Watson, Herman A. Watson III*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Leonard C. Parks, Jr., Assistant District Attorneys*, for appellee.