## A90A0183. CATO v. THE STATE.

(394 SE2d 413)

POPE, Judge.

Defendant William Lewis Cato was convicted of six counts of child molestation and one count of aggravated child molestation. The victims, who ranged in age from four to twelve years old, were, with the exception of a neighborhood child who visited in the home frequently, foster children living in defendant's mother's home, where defendant also resided. All testified at trial, with the exception of the youngest victim, and described acts of molestation involving the defendant. *Held*:

1. Defendant contends that the State failed to disclose, in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), that a witness for the State, who testified at trial that he had observed defendant committing various acts of molestation, had stated to an investigating officer prior to trial that defendant "wasn't messing with no kids." The defendant does not argue that the prosecutor was aware of the witness' prior statement indicating the defendant did not commit the crimes with which he was charged, but argues the investigating officer was an "arm" of the State and hence actual knowledge by the prosecuting attorney was not required.

Assuming arguendo that the investigating officer was aware of the pre-trial statement "counsel for the State can make available only such evidence as it has in its file, or of which it has knowledge, and is under no requirement to conduct an investigation on behalf of a defendant. There is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. In *Massengale v. State*, 189 Ga. App. 877, 881 (377 SE2d 882) [(1989)], we stated (i)n the absence of a clear showing that . . . information was wilfully and intentionally concealed from the defense, we are inclined not to impute to the prosecutor knowledge possessed by the local police. . . . (Emphasis deleted.) The record and transcripts contained no evidence that any wilful or intentional concealment occurred in this case." (Citation and punctuation omitted.) *Brown v. State*, 192 Ga. App. 187, 191 (384 SE2d 254) (1989).

"[Moreover], pretermitting this question is the question whether disclosure of any previously nondisclosed information actually possessed by the [investigating officer] would have given rise to a reasonable doubt that did not otherwise exist. In this regard, a prosecutor's nondisclosure of evidence may impair a defendant's right to a fair trial only if the evidence not disclosed is material in the sense that it might create in the minds of the jurors a reasonable doubt that did not otherwise exist. The proper test for determining materiality when the prosecutor has failed to disclose favorable evidence pursuant to

no request, a general request, or a specific request for evidence by the accused is that the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

"We find that this nondisclosed information was not material in the sense that there was a reasonable probability that its disclosure could have caused a different outcome in this trial." (Citation and punctuation omitted.) *Massengale v. State,* 189 Ga. App. 877, 881-882 (377 SE2d 882) (1989). See also *Carter v. State,* 237 Ga. 617 (229 SE2d 411) (1976); *Williams v. State,* 190 Ga. App. 646 (5) (381 SE2d 65) (1989).

2. Defendant also contends that the trial court erred in denying his motion for new trial on the basis that the witness admitted at the hearing on the motion for new trial that he lied when he stated the defendant had molested him and others. "The standard for granting a new trial on the basis of newly discovered evidence is well established. It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. All six requirements must be complied with to secure a new trial.

"Pretermitting the question of whether the 'newly discovered evidence' meets the first five of the above requirements, it is clear that the effect of [the witness'] new testimony is to impeach the credibility of his earlier sworn statements. The law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial." (Punctuation and citations omitted.) *Drake v. State,* 248 Ga. 891, 894 (287 SE2d 180) (1982). Consequently, the trial court did not err in refusing to grant defendant's motion for new trial on this basis. See *Burroughs v. State,* 186 Ga. App. 40 (13) (366 SE2d 378) (1988).

3. Defendant also challenges the sufficiency of the evidence to support the conviction as to the molestation of the four-year-old victim (Count 1 of the indictment), the only victim who did not testify at trial. Our review of the record shows that in addition to the trial testimony of one of the victims that he saw the defendant molest the four-year-old, the investigating officer testified she had talked to all of the victims, including the four-year-old victim, and that each of the

children identified the defendant as having committed various acts of molestation. "Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Clark v. State*, 187 Ga. App. 232, 234 (3) (369 SE2d 550) (1988). See also *Burgess v. State*, 189 Ga. App. 790 (1) (377 SE2d 543) (1989).

4. We have examined defendant's final enumeration assigning error to the admission of evidence of similar acts of child molestation and find it to be without merit. " 'The sexual molestation of young children, regardless of sex or type of act, is (of) sufficient similarity to make the evidence admissible.' *Phelps v. State*, 158 Ga. App. 219, 220 (2) (279 SE2d 513) [(1981)]." *Keeler v. State*, 181 Ga. App. 208, 209 (2) (351 SE2d 731) (1986).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 14, 1990.

*Tony L. Axam,* for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Monique F. Kirby, Assistant District Attorneys,* for appellee.