A90A1071. DUNLAP v. THE STATE.
(394 SE2d 626)

DEEN, Presiding Judge.

The appellant, Jack Dunlap, was convicted of aggravated child molestation. On appeal, his sole contention is that the trial court erred in refusing to admit into evidence the results of two polygraph examinations he submitted to during the investigation of the case.

On June 29, 1988, and on July 5, 1988, Dunlap submitted to polygraph examinations administered by the Georgia Bureau of Investigation, the first of which was inconclusive and the second of which indicated that Dunlap was not being deceptive. It is undisputed that Dunlap was advised of his right to have counsel present, that Dunlap declined that right, and that there was no stipulation of admissibility by the parties. It has been stated and reiterated that "[u]nder the law as it now exists in this State, results of polygraph tests are admissible only upon the express stipulation of the parties." *Sustakovitch v. State*, 249 Ga. 273, 275 (290 SE2d 77) (1982); *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977). Accordingly, the trial court did not err in excluding the polygraph results in this case.

*Judgment affirmed. Pope and Beasley, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

I concur but wish to point out that the issue is whether there is an exception to the Supreme Court-fashioned rule that "upon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977).

Defendant urges that he should be allowed to offer the polygraph

test results, even absent a stipulation; when he consented to undergo such a test at the State's request without being advised in advance that the results could not be used at trial unless the State agreed to their admissibility. His theory is that such would enhance the search for the truth, especially in his circumstances where a child's testimony is contradicted by his own and that of the child's mother, his girl friend. It is argued that inadmissibility of results favorable to him, which would serve the corroborative purpose recognized in *Chambers*, contravenes fundamental fairness in allowing him a fair opportunity to present his defense. See in this regard *Sisson v. State*, 181 Ga. App. 784 (353 SE2d 836) (1987), another child molestation case.

Neither the Supreme Court nor the legislature has established the exception sought. The Supreme Court reiterated its *Chambers* position in such cases as *Sustakovitch v. State*, 249 Ga. 273, 275 (2) (290 SE2d 77) (1982), and *Miller v. State*, 259 Ga. 296, 297 (2) (380 SE2d 690) (1989).

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED MAY 18, 1990.

*Tyron C. Elliott*, for appellant.

*William G. Hamrick, Jr.*, District Attorney, *Monique F. Kirby*, Assistant District Attorney, for appellee.