## A90A2381. McGRAW v. THE STATE.
(405 SE2d 53)

BEASLEY, Judge.

McGraw was found guilty of unlawfully and without authority and with intent to commit a theft therein entering the Hall County Courthouse Annex property and evidence room and unlawfully taking more that 28 grams of cocaine and a mixture with a purity of ten percent or more of cocaine. The case had been transferred from the juvenile court. See *In the Interest of T. M.,* 195 Ga. App. 342 (393 SE2d 448) (1990). Following denial of his. motion for new trial, as amended, he appeals his convictions for trafficking in cocaine, OCGA § 16-13-31 (a) (1), burglary, OCGA § 16-7-1 (a), and felony theft by taking, OCGA § 16-8-2. He was not sentenced on the theft charge because it was deemed merged with the burglary as a matter of fact.

Appellant filed 17 enumerations of error, denominated "A" through "Q" inclusive and, six weeks later, one "supplemental" enumeration and supporting brief. See Court of Appeals Rule 27 (a). The late documents will not be considered inasmuch as enumerations of error may not be amended after the original filing time has expired

and an additional brief cannot be used to argue enumerations not addressed in the original brief. See *Zilka v. State*, 194 Ga. App. 471, 472 (391 SE2d 23) (1990); *Quick v. State,* 166 Ga. App. 492, 493 (1) (304 SE2d 916) (1983). Appellant's timely enumerations will be addressed in numbered divisions rather than by letter and in a sequence attempting greater clarity of the issues raised. Expansions and enlargements of the enumerated errors in the brief are not considered. *Newberry v. State,* 184 Ga. App. 356, 357 (1) (361 SE2d 499) (1987). We have considered an amicus curiae brief addressing solely Enumerations N & P regarding the conduct of voir dire.

1. Appellant contends that the trial court erred in denying his "Motion to Dismiss the Indictment" on the merits and on the bases that the motion was improper in style and untimely (Enumeration A).

Pretermitting questions of style and timeliness, the substantive challenge to the indictment, i.e., that Count 1, the trafficking charge, did not adequately set out the crime and that the dates of the alleged offenses were not sufficiently stated, was without merit. Count 1 stated the essence of the trafficking statute; the time frame alleged, between September 1, 1985 and September 20, 1987, was a sufficient allegation as to dates. It does not appear that the failure to allege a specific date, which defendant knew was unknown to the State, "materially affected his ability to present a defense." *Massengale v. State,* 164 Ga. App. 57, 58 (1) (296 SE2d 371) (1982). See *Hutton v. State,* 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989).

2. Appellant contends that he should be granted a new trial because the trial court so interfered with appointed trial counsel's performance that appellant was denied effective assistance of counsel as guaranteed under the Sixth Amendment to the Federal Constitution (Enumeration N). He targets the court's requiring trial counsel, prior to trial, to reveal intended questions for voir dire and thus to reveal intended trial strategy. Trial counsel is appointed appellate counsel.

(a) Counsel's assertion of his own ineffectiveness in this regard was not raised in appellant's motion for new trial, "supplemental motion for new trial," or "extraordinary motion for new trial," nor is there any indication by citation to the record that it was raised before the trial court. Appellant has waived the issue. *Dawson v. State,* 258 Ga. 380 (369 SE2d 897) (1988); *Smith v. State,* 255 Ga. 654 (341 SE2d 5) (1986).

(b) Control of the pursuit of voir dire is within the trial court's sound legal discretion, see *Whitlock v. State,* 230 Ga. 700, 706 (5) (198 SE2d 865) (1973). Requiring submission of proposed voir dire by criminal defense counsel has been upheld absent a finding of manifest abuse of discretion by the trial court. See *Thompson v. State,* 154 Ga. App. 704, 705 (2) (269 SE2d 474) (1980). We find none which prejudiced defendant.

3. Appellant contends that the trial court erred in refusing to allow trial counsel to ask certain questions on voir dire and thereby deprived him of a meaningful voir dire and a fair trial (Enumeration P). Appellant lists 36 questions which he claims the trial court refused to allow and cites a portion of the transcript where counsel "objected, and perfected the record in that regard."

(a) The citation to the exchange between the court and defense counsel reflects that defense counsel did not make any objection to the court's decision on each question but lodged only a bare objection at the conclusion of the court's rulings without giving any basis. This court will not consider a basis of objection which was not considered by and ruled on by the trial court. See *Brinson v. State,* 191 Ga. App. 151, 152 (2) (381 SE2d 292) (1989).

(b) The citation reveals significant disparity between the number and denomination of the proposed questions ruled on in the exchange and those which appellant now sets forth. The trial court mentions 33. Because of such disparity, it is impossible to tell with certainty, even from review of the actual individual voir dire, which has not been cited by appellant, what questions were omitted and whether or not any omission was the result of the court's ruling or of defense tactics. Appellant has not shown a violation of OCGA § 15-12-133.

4. Appellant contends the court erred in denying his motion in limine asking that the State's witnesses be instructed not to mention any drug use on the part of appellant on the basis that such evidence would improperly place his character in issue (Enumeration B).

Appellant's objection at trial was not so broad. Defense counsel requested no mention of drug use unless the State could "lay the proper foundation — unless it [was] connected to the [missing] cocaine." Counsel opined that in such instance, the evidence might be introduced as a similar act. The State responded that evidence of drug usage was part of the res gestae and relevant to the question of motive for taking the cocaine. The court ruled that it would allow evidence of appellant's drug usage limited to the time frame of the indictment.

The correctness of the court's ruling is moot because appellant fails to allege or demonstrate that the State presented any evidence of *his* drug use either before, during, or after the period alleged in the indictment. Appellant was not harmed by the court's ruling. "In order for an alleged error to be grounds for reversal, appellant must show not only error, but also ensuing harm. [Cit.]" *Bowen v. State,* 170 Ga. App. 49, 50 (1) (316 SE2d 33) (1984).

5. Appellant contends that the court erred in denying his motion in limine seeking to prohibit the State from introducing testimony or other evidence that he was a co-defendant in a pending indictment with State's witness Lowe (Enumeration C).

Appellant cannot now complain of any error in denying the motion because he himself induced the court's action and introduced the subject evidence. See *Griffith v. State,* 188 Ga. App. 789, 790 (374 SE2d 359) (1988). The court denied the motion essentially on the representation by appellant's counsel that he intended to introduce evidence of the pending charge in cross-examination of Lowe, reasoning that such action by appellant's own counsel would open the door for the State. Through cross-examination and the introduction of certain exhibits, the defense itself rather than the State made the jury aware of appellant's involvement in the unrelated pending charge.

6. Appellant's contention that the trial court erred in allowing the State to bolster Lowe's testimony (Enumeration D) is considered abandoned because he fails to provide any supporting legal authority or to make any supporting legal argument. Court of Appeals Rule 15 (c) (2).

7. Appellant contends that the trial court erred in allowing a GBI agent to testify to hearsay, that he spoke with appellant's mother and that she gave the agent a list of appellant's associates (Enumeration E).

Appellant did not object at trial, as he now does on appeal, to testimony about obtaining the list but only to revelation of the names on the list. Moreover, an objection based on hearsay was inappropriate. OCGA § 24-3-1 (a).

8. Appellant contends that the trial court erred in allowing a detective to testify that a set of scales and vial, commonly known as drug paraphernalia, were found atop a hutch in the living room in appellant's girl friend's apartment at a time when appellant was on the premises, constituting the improper introduction of his character into evidence (Enumeration G).

The testimony was elicited by the State in direct rebuttal of appellant's earlier testimony on cross-examination that he did not recall whether any drug items were in the apartment in which he spent a considerable amount of time, but that scales were not. "A witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. Even if drug familiarity or usage by appellant, i.e., bad character, could be inferred from the presence of the drug paraphernalia, appellant "may not use the character evidence rule [OCGA § 24-9-20 (B)] as a sword." *State v. Byrd,* 255 Ga. 665, 667 (341 SE2d 455) (1986).

9. Appellant contends that the trial court erred in not allowing him to introduce defendant's exhibit 4, an alleged affidavit by State's witness Passmore containing prior consistent statements (Enumeration F).

This court is unable to review the trial court's initial ruling because appellant fails to point out where in the massive record the ob-

jected-to ruling may be found, as required by Rule 15 (c) (3) (i) & (ii). Regardless, the substance of the statement contained in the exhibit was explored by the defense on cross-examination of Passmore.

The complaint of admonishment of defense counsel by the trial court is not reached. *Newberry,* supra.

10. Appellant contends that he is entitled to a new trial because the trial court erred in not allowing into evidence the favorable results of a polygraph examination administered by a State expert (Enumeration H).

There was no express stipulation that the test results would be admitted into evidence. Appellant argues that inasmuch as he was "enticed" by the State to undergo the polygraph, the State entered into an implied stipulation. He further argues that fundamental fairness required admission of the evidence.

"It has been stated and reiterated that '(u)nder the law as it now exists in this State, results of polygraph tests are admissible only upon the *express* stipulation of the parties.' *Sustakovitch v. State,* 249 Ga. 273, 275 (290 SE2d 77) (1982); *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977)." (Emphasis supplied.) *Dunlap v. State,* 195 Ga. App. 700 (394 SE2d 626) (1990). Neither the legislature nor the Supreme Court has provided for admission under the theory of a stipulation implied by the circumstance of favorable evidence for the accused. See *Dunlap,* special concurrence at 701. Compare *United States v. Piccinonna,* 885 F2d 1529 (11th Cir. 1989). The polygraphist's warning to defendant before the test was administered, that the evidence could and would be used against him, did not constitute a stipulation of admissibility by the State. Nor did the State's stipulation of another's test in another case affect admissibility of this exam in this case.

11. Appellant decries his thwarted plans to produce a certain witness at trial and argues that this failure to have the testimony entitled him to a new trial "based upon the surprise" of the witness' "unavailability" (Enumeration I). This presents nothing for review because appellant fails to articulate any ruling, much less error, by the trial court which resulted in trial without the witness. Because he was placed on the horns of a dilemma during trial with respect to that witness' expected testimony that another person admitted taking the drugs, he chose not to call him when he learned that the witness would recant. This choice did not entitle defendant to a new trial at which to deal more adroitly with the problem. Thus it was not an abuse of discretion to deny a new trial on this ground.

12. Appellant contends that the trial court erred in failing to grant his "supplemental motion for new trial," really an amendment to the original motion, based on prosecutorial misconduct (Enumeration J). He maintains that the State withheld certain exculpatory in-

formation possessed by the GBI in violation of *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). In his motion, he refers to information about Steve Hill. At the hearing, he bottomed the amendment on a statement to the GBI by a person who supposed that a certain woman had stolen the drugs.

Appellant fails to show a *Brady* violation. Even assuming that the subject unsupported statements of a woman named Davenport could be characterized as exculpatory in regard to the appellant, which he has not demonstrated, the record shows without dispute that the Sate did not wilfully or intentionally conceal from the defense this information. It was possessed by the GBI but had not been given to the district attorney either. See *Cato v. State,* 195 Ga. App. 619 (1) (394 SE2d 413) (1990).

13. Appellant contends that the trial court erred in failing to grant a new trial because of alleged prosecutorial misconduct and newly discovered evidence surrounding ostensibly inculpatory or impeaching information about State's witness Hill (Enumeration K).

(a) The record does not support the allegations of the State's awareness of the extent of any mental illness suffered by Hill at the time he testified. Nor does it support allegations of certain plea negotiations regarding a plea of guilty but mentally ill to pending charges occurring at or before defendant's trial. Thus, the alleged newly discovered evidence regarding Hill's mental health condition and situation vis-a-vis pending charges when he testified as a State rebuttal witness did not require a new trial at which he could be impeached so as to create a reasonable doubt of defendant's guilt.

(b) As to the revelation to the defense during trial of the existence of a "cocaine poem" arguably linking the witness to cocaine usage, the court offered to declare a mistrial based upon a perceived *Brady* violation but the defense refused and asked that the trial go forward since his motion for a continuance was denied.

(1) "[T]he mandate of *Brady* is not violated when the 'material is (made) available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. (Cits.)' [Cit.]" *Assad v. State,* 195 Ga. App. 692, 693 (1) (394 SE2d 617) (1990).

(2) Even assuming a *Brady* violation, the defense refused the offered remedy. It was not error to deny a new trial after conviction when defendant had already refused a new trial, based on the same ground, during the course of the original trial.

14. Appellant contends that the trial court erred in denying his motion for a continuance upon learning the existence of the Hill "cocaine poem," because the revelation constituted unfair surprise (Enumeration Q).

As already noted, appellant refused the remedy of a mistrial offered by the court. Appellant argues that a mistrial would have put

him at a tactical disadvantage by giving the State foreknowledge of his cross-examination of State's witnesses, so that he was entitled as a matter of law to a continuance to find Hill. Since Hill did testify later in the case, whether or not a continuance should have been granted was rendered moot.

Moreover, appellant's basis for requesting the continuance was not the late awareness of the poem, which he now argues, but rather so that appellant could secure the presence of Hill. See *Brinson,* supra at 152 (2).

15. Appellant contends that the trial court erred in quashing a post-trial subpoena served on witness Hill's psychologist, seeking the production of Hill's treatment records for the purpose of showing newly discovered evidence (Enumeration L). He claims he was entitled to the records to establish Hill's mental illness and whether Hill had told the doctor he had a cocaine problem. He argues that the psychologist's testifying at Hill's sentencing hearing waived the psychologist-client privilege, OCGA § 43-39-16.

The evidence was apparently sought for impeachment purposes, and appellant as movant for a new trial on the basis of newly discovered evidence fell short of satisfying the required showing. See *Humphrey v. State,* 252 Ga. 525, 528 (3) (314 SE2d 436) (1984). Furthermore, appellant's cited authority does not support his contentions of any waiver of the psychologist-client privilege under the stated circumstances, much less the asserted extent of waiver.

16. Appellant contends that the trial court erred in failing to grant his post-trial motion to disqualify the district attorney and his assistants (Enumeration M). The motion was filed at the time of the hearing on the motions for new trial.

A district attorney may be disqualified to engage in a prosecution from interest or relationship. OCGA § 15-18-5 (a). Appellant's numerous allegations of misrepresentation and other prosecutorial misconduct stemming from the district attorney's political and personal interest are unsupported by the record. The gist of the allegations of interest is that the district attorney purposefully suppressed certain information which would have impeached witness Hill, in order to protect a member of the district attorney's staff who was romantically involved with Hill. As requested by appellant, this court has examined certain documents in an unrelated criminal case against Hill which the trial court placed under seal. The contents are irrelevant to a determination of the issue of legal disqualification.

(a) There is no showing whatsoever that the individual alleged to have been linked with Hill was in any manner involved in appellant's prosecution. The district attorney and other members of his staff directly handling appellant's case would not have been legally disqualified under a theory of imputed disqualification. *Holiday v. State,* 258

Ga. 393, 397 (9) (369 SE2d 241) (1988).

(b) There is no showing whatsoever that the district attorney or any member of his staff engaged in appellant's prosecution had any knowledge of a colleague's alleged involvement with Hill.

(c) There is a complete failure to show any intentional attempt by the district attorney or his office to suppress information, including that pertaining to Hill, relevant and exculpatory to appellant's prosecution and in violation of *Brady*. See Divisions 12 & 13, supra.

Disqualification was not required.

17. Appellant contends that he should be granted a new trial because the trial court interfered with presentation of his defense and by other conduct demonstrated prejudice against him (Enumeration O). The only specific conduct complained of which has not been dealt with above is an alleged in camera conference during trial. In it the court allegedly informed appointed defense counsel that after trial the court would request an opportunity to review the bill which defense counsel would submit to the county indigent defense committee in order to assure that there were no charges for time expended on unnecessary functions. Appellant argues that fear that counsel's bill would be reviewed and cut "chilled" defense counsel's representation.

The subject conference was not recorded, so a review of what transpired is not possible. See *Meier v. State,* 190 Ga. App. 625 (1) (379 SE2d 588) (1989). The one-paragraph statement in affidavit form by the prosecuting attorney is an insufficient substitute in this case. OCGA § 5-6-41 (h).

Moreover, appellant submits no authority, and we know of none, to support the proposition that the trial court had no authority to review the bill to assure that it was proper in all respects and to advise during trial of its intention to do so.

Nor does appellant specify any curtailment of representation resulting from the court's action regarding fees.

*Judgments affirmed. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED MARCH 28, 1991 —

*Watson & Watson, Herman A. Watson III,* for appellant.

*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Thomas W. Malone, Assistant District Attorneys,* for appellee.

*Thomas W. Malone,* amicus curiae.