## A92A2031. McINTYRE v. THE STATE.
(427 SE2d 99)

Andrews, Judge.

McIntyre was convicted by a jury of one count of child molestation, and two counts of aggravated child molestation, committed against his 13-year-old stepdaughter. The convictions were based primarily on the testimony of the stepdaughter, who was 17 years of age at the time of the trial and described in detail the acts of molestation as charged in the indictment.

1. Appellant claims the trial court erred in failing to grant a new trial based on newly discovered evidence from a boyfriend of the victim. When the molestation was alleged to have occurred, the victim was living with her mother and appellant. At trial, the victim testified that, while living with her mother and appellant, she told members of her family that she spent a weekend away from home having sexual relations with her boyfriend. She gave further testimony that these statements to her family about the sexual relations were false, and that she made these statements hoping that her parents would move her away from the boyfriend to her natural father's house in another county, and away from the appellant. The asserted new evidence is that the boyfriend would contradict this testimony, and state that he and the victim did have sexual relations that weekend, and that the victim expressed no desire to move in with her natural father. Other evidence at trial showed that shortly after the weekend, the victim's parents agreed that she should live with her father.

"To obtain a new trial because of newly discovered evidence, a movant must satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted. *Humphrey v. State*, 252 Ga. 525, 528 (314 SE2d 436) (1984); *Young v. State*, 194 Ga. App. 335 (1) (390 SE2d 305) (1990)." (Punctuation omitted.) *Eliopulos v. State*, 203 Ga. App. 262, 263 (416 SE2d 745) (1992); OCGA § 5-5-23. Appellant contends that the new evidence does not operate solely to impeach the credibility of the victim, but also tends to show that the victim was not motivated by any desire to move in with her father so she could escape from the appellant. Assuming that the new evidence has some benefit other than for impeachment purposes, it is not so material that it would probably produce a different verdict. There was no abuse of discretion by the trial court in denying a new trial sought on this ground. See *Wilson v.*

*State*, 193 Ga. App. 374, 375 (387 SE2d 642) (1989).

2. There was no error in the trial court's refusal to admit evidence of polygraph test results favorable to the appellant in the absence of an express stipulation by the state as to admissibility. Prior to trial, the appellant submitted himself to a polygraph test without participation by the state, and without any stipulation with the state that the results would be admissible. Thereafter, appellant offered to submit himself to a state-conducted polygraph examination, but no further testing was done. Prior to and at trial appellant moved for admission of the test results. Evidence showed that the district attorney had on at least one prior occasion in another case elected to stipulate with another defendant to the admissibility of the results of polygraph test results. Appellant contends that, because the state had so stipulated in another case, it was estopped to refuse to stipulate to the favorable results in this case, and that appellant was denied his equal protection rights under the Georgia and United States Constitutions by the state's refusal to stipulate in his case.

The results of a polygraph examination are not admissible in Georgia in the absence of an express stipulation by the parties for admissibility. *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977). The rule is based on the scientific unreliability of such tests (see *Moss v. Central State Hosp.*, 179 Ga. App. 359, 361 (346 SE2d 580) (1986)). We find no merit in appellant's contentions. See *McGraw v. State*, 199 Ga. App. 389, 393 (405 SE2d 53) (1991); *Sustakovitch v. State*, 249 Ga. 273, 275 (290 SE2d 77) (1982).

3. Appellant contends the trial court should have granted his motion for a mistrial made after it was discovered during the trial that one of the jurors was wanted on a local outstanding misdemeanor warrant. In support of a mistrial, appellant's counsel argued that the juror may have been worried about being arrested, therefore he may not have been paying attention to the evidence in the case. The trial judge ordered that the juror not be arrested on the warrant during the course of the trial. There was no evidence that the juror was aware of the warrant, nor any evidence that the juror was not attentive, or had otherwise engaged in any irregular conduct. The trial court asked if defense counsel wished to examine the juror to determine if there was any problem, but counsel declined to do so.

"There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986); *Martin v. State*, 242 Ga. 699, 701 (251 SE2d 240) (1978). On the present record, there was no sufficient showing of any irregularity in the juror's conduct. Accordingly, there was no burden on the state to prove lack of harm, and no need to question the juror. Compare *Cas-*

*tro v. State*, 186 Ga. App. 248, 249 (367 SE2d 42) (1988).

4. The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 19, 1993.

*H. Bradford Morris, Jr.*, for appellant.

*C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney*, for appellee.