A99A1040. HUBBARD v. THE STATE.
(521 SE2d 678)

PHIPPS, Judge.

Following denial of his motion for new trial, Wayne Hubbard appeals his convictions of theft by receiving a stolen motor vehicle and possession of a motor vehicle with identification removed.

Lloyd Fielden's 1986 Chevrolet Silverado pickup truck was stolen from his home in August 1996. Several days later, his son observed the vehicle in a restaurant parking lot. Although the "public" vehicle identification number (i.e., the one appearing under the windshield) did not match the vehicle identification number on his father's truck, it appeared that the number on the truck had been altered.

After Hubbard entered the truck and drove it away from the restaurant, he was stopped by a police officer who had been alerted to the suspected status of the vehicle. The officer determined that the "confidential" vehicle identification number (i.e., the one concealed underneath the frame of the truck) did match the number on Fielden's stolen truck.

Hubbard testified that an individual whom he knew as Jessie Hoskins offered to sell the truck to him for $3,000 and that he ultimately purchased it for $2,000. As proof, Hubbard produced a handwritten bill of sale witnessed by Billy Barnes. Barnes testified he had met Hoskins while camping, that Hoskins had introduced himself by another name and had attempted to sell the truck to him for $2,000, and that he acted as witness for the sale of the truck to Hubbard because Barnes had become involved with Hoskins in an interrelated financial transaction. Although both Hubbard and Barnes claimed that they had not met before this incident, evidence was presented by the State from which the jury could have found otherwise. This evidence showed that as early as 1995 Hubbard knew who Barnes was and where he lived, and had informed police that Barnes was in possession of a stolen motor vehicle.

To show Hubbard's guilty knowledge, the State submitted similar transaction evidence showing that in 1989 the Cherokee County Sheriff's Office conducted an investigation of an auto repair shop being operated by Hubbard. The investigator, Culver, found Hubbard in possession of vehicles with altered and missing vehicle identification numbers. Culver testified that other items and articles found on the premises indicated that Hubbard was operating a "salvage/swap" operation, i.e., a business which sells automobile salvage parts with vehicle identification numbers intact so that the numbers can be transferred to other vehicles to conceal their identity.

Individuals with long involvement in the automotive industry gave testimony showing that the fair market value of Fielden's pickup truck was between $1,500 and $3,500.

1. Hubbard first contends that the trial court erred in denying his motion to disqualify and remove a juror who demonstrated overt hostility toward defense counsel during closing argument.

It appears from the transcript that counsel was standing extremely close to the jury and arguing in a loud tone, when he dropped a tablet into the jury box. The juror in question picked it up and returned it, whereupon counsel facetiously suggested that the juror might have stolen money from it. This juror and another on the panel took umbrage at counsel's remark, and the juror to whom the comment was directed arose in anger and made inaudible comments. When counsel continued his closing argument in a loud voice while remaining in close proximity to the juror, the juror raised his fist to counsel. Counsel later sought the juror's removal. The court refused to do so, but instructed the jurors that they should not be influenced in their deliberations by comments by either attorney which might have been considered personally offensive.

There is nothing inherent in the confrontation between counsel and the juror or, appearing from the record, which demonstrates that the juror became so hostile toward defense counsel that he could not fairly decide the question of Hubbard's guilt or innocence. There is no merit in Hubbard's argument that there arose a presumption of prejudice to the defense because "an irregularity in the conduct of a juror" was shown, thereby placing a burden on the prosecution to prove beyond a reasonable doubt that no harm occurred. *McIntyre v. State*, 207 Ga. App. 129, 130 (3) (427 SE2d 99) (1993). Such an irregularity has been found to exist in instances such as where there is an unauthorized communication between a juror and non-juror concerning the case, *Lockridge v. State*, 260 Ga. 528 (397 SE2d 695) (1990), or where jurors violate court instructions concerning communications between themselves. *Sims v. State*, 266 Ga. 417, 419 (3) (467 SE2d 574) (1996). The juror here engaged in no such misconduct. He only made emotional responses to counsel's provocative remark and

courtroom style. Hubbard has not shown that the court abused its discretion in finding that the curative instruction was sufficient to remove any prejudice and that removal of the juror was not warranted. See generally *McGuire v. State*, 200 Ga. App. 509, 510 (3) (408 SE2d 506) (1991).

2. Hubbard contends that the court erred in denying his motion for directed verdict of acquittal.

> The standard of review of the denial of a motion for directed verdict of acquittal is that from *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). [Cit.] On appeal, the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine the credibility of witnesses, but only determines whether the evidence is sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. [Cit.] In addition, conflicts in the witnesses' testimony are a matter for a jury to resolve. As long as there is some competent evidence, even though contradicted, on each element necessary to prove the State's case, the jury's verdict will be upheld. [Cit.]

*Holman v. State*, 236 Ga. App. 111, 112-113 (1) (511 SE2d 240) (1999).

Adjudged by the foregoing principles, the evidence was sufficient to authorize the jury to find that Hubbard received stolen property under circumstances in which he knew or should have known that it was stolen, and that he was in possession of the stolen truck with knowledge that its vehicle identification number had been removed. See OCGA §§ 16-8-7; 40-4-22; *Martin v. State*, 160 Ga. App. 275, 276 (1) (287 SE2d 244) (1981).

3. Hubbard contends that the trial court erred in permitting Lloyd Fielden to testify that one of his neighbors had offered him $5,000 for his truck. He argues that admission of this testimony was prejudicial because the jury could have found that he knew or should have known the truck was stolen based on the difference between the $5,000 value of the truck and his purchase of it for $2,000.

The prosecuting attorney asked Fielden the value of the truck. On objection by the defense, the State was required to elicit testimony from Fielden that would lay a foundation for this testimony. In attempting to lay the foundation, Fielden testified that he was familiar with the approximate valuation of the truck because of the $5,000 offer by the neighbor. Hubbard objected on grounds that this testimony constituted hearsay and was not a proper part of the foundation the witness was attempting to lay. The court stated that it would

reserve ruling, but shortly thereafter the prosecutor began questioning Fielden on a different subject, and a ruling on the admissibility of Fielden's testimony concerning the neighbor's offer was never invoked.

Any objection to admission of this testimony was thus waived when the court reserved ruling on its admissibility and counsel for defendant failed to invoke a final ruling thereon. *Bacon v. Federal &c. Assn.*, 169 Ga. App. 538, 539 (2) (313 SE2d 727) (1984); see *Vun Cannon v. State*, 208 Ga. 608, 611 (2) (68 SE2d 586) (1952). Moreover, in view of the other evidence on the question of the truck's value and Hubbard's guilty knowledge, we find it highly probable that admission of this testimony did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 17, 1999.

*Herbert Shafer*, for appellant.

*Garry T. Moss, District Attorney, Scott T. Poole, Allen D. Morris, Assistant District Attorneys*, for appellee.

