## A01A2511. OCHOA v. THE STATE.
(555 SE2d 857)

PHIPPS, Judge.

Jorge Ochoa was convicted of the sexual molestation of N. P., his seven-year-old niece. His motion for new trial was denied. He appeals, challenging the sufficiency of the evidence, N. P.'s competence to testify, the effectiveness of his trial attorney, and testimony

---

[21] See *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

given by various State's witnesses. Finding no merit in any of Ochoa's claims of error, we affirm.

1. Ochoa maintains that the evidence was insufficient to support the verdict primarily because N. P. gave conflicting pretrial statements concerning the events in question and recanted her allegations against him at trial.

There was, however, evidence authorizing the jury to find that the child recanted because she thought her charges against Ochoa were breaking up her family. The evidence additionally showed that N. P. was normally a bright and happy child but began to experience negative changes in her mood, temperament, and behavior after Ochoa molested her. N. P. initially disclosed the molestation by telling a neighbor that Ochoa had placed her hand on his penis. Upon urging by the neighbor, N. P. then told her mother, who informed her father. He confronted Ochoa, who lived with N. P. and her family. After talking to Ochoa, N. P.'s father told her mother that he felt sorry for him and would allow him to continue living in the household until he could find somewhere else to live.

N. P.'s parents did not report this matter to police. They did, however, take N. P. to see a therapist because of emotional problems she began to experience. Using nonsuggestive interview techniques, the therapist engaged the child in conversation in which she said that, in addition to placing her hand on his penis, Ochoa had exposed his penis to her.

The neighbor to whom the initial disclosure had been made inadvertently divulged what had happened to a Department of Family & Children Services (DFACS) investigator who was pursuing another child abuse case. This led to N. P. being questioned by the DFACS investigator. A videotape of the interview, which was played to the jury, shows that N. P. gave the investigator a detailed account of Ochoa exposing his penis to her, trying to make her place her hand on it, and attempting to place his penis on her.

It is the jury's role to resolve conflicts in the evidence.[1] We construe the evidence in a light most favorable to support the verdict.[2] So construed, the evidence authorized a rational trier of fact to find Ochoa guilty of child molestation beyond a reasonable doubt.[3]

2. The totality of the testimony given by N. P. before she was sworn authorized the court to find that she understood the nature of an oath, thereby eliminating her from the list of incompetent witnesses in OCGA § 24-9-5 (a). Moreover, OCGA § 24-9-5 (b) renders the accuser in criminal cases involving child molestation competent

[1] *Metts v. State*, 270 Ga. 481, 483 (2) (511 SE2d 508) (1999).
[2] *Brown v. State*, 243 Ga. App. 842, 843 (534 SE2d 206) (2000).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

to testify even if the child would otherwise be incompetent as a witness because of a lack of understanding of the nature of an oath.

3. Ochoa complains of testimony by the DFACS investigator that recantation by child molestation victims is a common occurrence and that seven-year-old children are generally unable to acquire knowledge of certain sexual matters unless they have been molested.

Because this testimony was elicited from the witness by defense counsel during cross-examination, any error was induced and Ochoa cannot complain of it.[4]

4. Ochoa complains of testimony elicited by the prosecuting attorney from a clinical social worker who appeared as a State's witness.

In pertinent part, the social worker testified that, in her experience, fewer than ten percent of child accusers make false allegations as to sexual molestation. Because defense counsel objected to this testimony without stating grounds for the objection or invoking a ruling on the objection from the trial court, any objection has been waived.[5] Admission of this testimony was not so clearly erroneous and prejudicial as to warrant a reversal in the absence of an objection.[6]

5. Ochoa has abandoned his ineffective assistance of counsel claim by failing to support it with argument or citation of authority.[7]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 30, 2001.

*Barry E. Billington*, for appellant.
*Patrick H. Head, District Attorney, Frances D. Hakes, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[4] *Adside v. State*, 216 Ga. App. 129, 131 (2) (453 SE2d 139) (1995).
[5] See *Hubbard v. State*, 239 Ga. App. 632, 634-635 (3) (521 SE2d 678) (1999).
[6] See *Rogers v. State*, 247 Ga. App. 219, 226 (9) (543 SE2d 81) (2000).
[7] Court of Appeals Rule 27 (c) (2); *Caldwell v. State*, 247 Ga. App. 191, 201 (7) (542 SE2d 564) (2000).