## A03A0808. MARTIN v. THE STATE.
### (578 SE2d 584)

PHIPPS, Judge.

Marcus Martin appeals his conviction of armed robbery. The issues presented are whether the evidence was sufficient to support the verdict and whether the trial court abused its discretion in denying Martin's motion for new trial. Resolving these issues against Martin, we affirm.

Martin was charged with taking money from the cashier at a convenience store "by use of a device having the appearance of an offensive weapon, by placing his hand in his jacket and telling said [cashier] he was going to blow her head off." The cashier, Cynthia Steele, testified that during the robbery Martin had his hand in his pocket, creating a bulge that she feared was a gun; that he repeatedly threatened to blow her brains out if she did not open the store's cash register; and that, as a result, she feared for her life. The robbery was captured on the store's surveillance videotape, which was played to the jury.

At trial, Martin denied that he was the subject depicted on the videotape, and he presented an alibi defense through his own testimony and that of other witnesses. Terrence Bowles, who was in the store at the time of the robbery, also appeared as a defense witness and testified that Martin was not the robber. Martin moved for a new trial on the general grounds. Following an untranscribed hearing, the court denied the motion.

1. There is no merit in Martin's challenge to the sufficiency of the evidence.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[1]

> The statute includes concealed offensive weapons provided there is *either* a physical manifestation of the weapon *or* some evidence from which the presence of a weapon may be inferred. [Cit.] The question is whether the defendant's acts created a "reasonable apprehension on the part of the victim that an offensive weapon (was) being used," regardless of whether the victim actually saw the weapon. [Cit.][2]

This court in *Johnson v. State*[3] found the evidence sufficient to support an armed robbery conviction, where the victim testified that, although she did not see a weapon, she assumed that the defendant had one given his threat to shoot her and the way he kept one hand concealed. Similar testimony supported the armed robbery conviction in *Nicholson v. State*.[4] In the case at bar, Steele testified to both Martin's manifestation of an object that could have been a weapon and to multiple threats by him to shoot her. Consequently, the evidence was sufficient to support Martin's conviction of armed robbery.

2. It follows that the trial court did not abuse its discretion in denying Martin's motion for new trial on the general grounds.

3. Martin raises another issue that he claims was raised at the hearing on his motion for new trial, although it was not addressed by the trial court in its order denying his motion for new trial.

Martin asserts that at the motion hearing he introduced a letter in which he admitted that although he was the person depicted on the videotape, he did not commit armed robbery. Martin now claims that, while under the influence of drugs, he, Steele, and Bowles decided to stage a robbery to procure funds for the purchase of more drugs, but that Steele was so high on drugs that she forgot to deactivate the store's surveillance videotape system. Martin maintains that, as a result, Steele was forced to falsely incriminate him as an armed robber, whereas he is at most guilty of theft by taking or theft

---

[1] OCGA § 16-8-41 (a).

[2] (Emphasis supplied.) *Johnson v. State*, 195 Ga. App. 56, 57 (1) (a) (392 SE2d 280) (1990); see *Nicholson v. State*, 200 Ga. App. 413, 414 (1) (408 SE2d 487) (1991).

[3] Supra.

[4] Supra.

by deception (and now perjury). Therefore, he claims he was improperly charged, and he asks that his conviction be reversed and that this case be remanded so that he can plead guilty to the lesser offenses.

There is, of course, no such procedure. It is true that Martin's claim that the incident was staged is consistent with Bowles's exculpatory testimony. If, however, the incident was staged, it was well staged; and the evidence, viewed in a light most favorable to the verdict, was sufficient to authorize any rational trier of fact to find Martin guilty of armed robbery beyond a reasonable doubt. Martin's newly asserted defense is not even a matter of record. And even if it were, it would not satisfy the criteria for the grant of a motion for new trial, because it is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court, among other things, that the evidence has come to his knowledge since the trial and that it was not owing to the want of due diligence that he did not acquire it sooner.[5] Martin cannot satisfy these two requirements. Moreover, " '[t]he law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial.' [Cit.]"[6]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 26, 2003.

*Martin H. Eaves*, for appellant.
*Richard E. Currie, District Attorney, Douglas P. Smith, Assistant District Attorney*, for appellee.

---

[5] *Cato v. State*, 195 Ga. App. 619, 620 (2) (394 SE2d 413) (1990).
[6] Id.